FILED
JAMES BONINI
CLERK

10 DEC 27 PM 2: 03

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LIBERTAS TECHNOLOGIES, L.L.C. | CASE NO. |
| Plaintiff | 1:10CV935 |
| v. | JUDGE |
| CHERRYHILL MANAGEMENT, INC., | SPIEGEL, J. |
| And | |
| TODD SCHWARTZ | |
| Defendants | |

## COMPLAINT FOR DAMAGES, REPLEVIN AND INJUNCTIVE RELIEF

The Plaintiff, Libertas Technologies, L.L.C., through counsel states its cause of action as follows:

### JURISDICTION AND VENUE

1. Libertas Technologies, L.L.C. is a Kentucky limited liability company with its principal office located at 708 Walnut Street, Cincinnati, OH 45202. The Plaintiff is authorized to transact business in the State of Ohio.

2. Cherryhill Management, Inc. is, upon information and belief, an Ohio corporation with its principal office located at 3621 Symmes Road, Hamilton, OH 45015.

3. Todd Schwartz is an individual believed to reside at 5088 Old Taylor Mill Road, Apt. 220, Taylor Mill, KY 41015.

4. Jurisdiction and venue are appropriate in the United States District Court for the Southern District of Ohio, Western Division per 28 U.S.C. §1338 and S.D. Ohio Civ. R. 82.1.

## STATEMENT OF FACTS

5. In or around January, 2005, Libertas Technologies, L.L.C. (hereinafter "Libertas") entered into an agreement with Cherryhill Management, Inc. (hereinafter "Cherryhill") to develop software for use in Cherryhill's business.

6. From in or around January, 2005, through on or around October 11, 2010, Libertas developed various components of said software and ultimately developed a management interface to integrate individual software components into an integrated unit. This software is hereinafter referred to as the "Cherryhill Software." Employees and officers of Cherryhill used the term "the big banana" to describe this integration of the various component parts.

7. Libertas owns the copyright to all software, including all written code, that was developed for the Cherryhill Software.

8. Libertas has the exclusive right to control the reproduction, distribution, and preparation of derivative works based on the copyrighted material.

9. Libertas provided a dedicated software engineer to service Cherryhill's account, Defendant Todd Schwartz (hereinafter "Schwartz").

10. Schwartz worked for Libertas as an independent contractor from on or around June 6, 2007 to on or around April 1, 2009 subject to a Non-Disclosure Agreement. A copy of the Non-Disclosure Agreement (NDA) is attached hereto as Exhibit A.

11. From on or around April 1, 2009 to on or around October 11, 2010, Schwartz worked as an employee subject to an at-will offer of employment. A copy of the offer of employment (Offer) is attached hereto as Exhibit B.

12. On August 14, 2007, Schwartz signed a copy of the Libertas Employee Manual and agreed to observe the terms of that Manual while working for Libertas. Among other things, the Manual required confidentiality for the employees of Libertas working with customers of Libertas. The Manual also provided that no one is permitted to make copies of Libertas's records, reports, or documents without approval of Libertas.

13. Collectively, the Non-Disclosure Agreement, employment offer, and Libertas' employment of Schwartz, among other obligations, bound Schwartz to not remove, duplicate, manipulate or communicate any Libertas property, and to not remove or make copies of any Libertas property, without prior management approval.

14. In the course of working for Libertas, Schwartz performed work for clients of Libertas other than Cherryhill, and had access to other Libertas data that is Libertas' copyrighted material and/or constitutes trade secrets of Libertas (Non-Cherryhill Software).

15. On or about October 11, 2010, Libertas completed the integrated management interface phase of the Cherryhill Software development.

16. On or about October 11, 2010, Schwartz notified Libertas by e-mail that the work for Cherryhill on integrating the various component software programs was completed and that he was leaving Libertas Technologies. In a subsequent e-mail sent the following day, Todd Schwartz announced as follows: "Cherryhill considers the Big Banana complete, and they are in need of long term, full-time, in-house IT support

moving forward. I am starting a new position with them next week, so there should be no disruption in their business or that of Libertas."

17. On or about October 11, 2010, in breach of his duty to Libertas, Schwartz reformatted the hard drive of his Libertas issued laptop, removing or destroying final derivative works of the Cherryhill Software and removing or destroying property of Libertas, including software that was developed in work for Cherryhill and other non-Cherryhill Software.

18. Reformatting the hard drive served no purpose other than to deprive Libertas of its property, and therefore was willful and malicious.

19. Upon information and belief, during the term of his engagement with Libertas, Schwartz used his home personal computer to perform Libertas work in violation of the Schwartz Agreements.

20. Upon terminating his employment with Libertas, Schwartz failed to return to Libertas any Cherryhill Software and Non-Cherryhill Software stored on his personal computer.

21. On or around October 22, 2010 Libertas demanded that Schwartz return all Libertas property. A copy of the letter (Schwartz Letter) making this demand is attached hereto as Exhibit C.

22. Schwartz has failed to return any Libertas property as demanded in the Schwartz letter.

23. Upon information and belief, Cherryhill induced Schwartz to take with him to his employment at Cherryhill the contents of his Libertas laptop for Cherryhill's own use.

24. Such inducement serves no purpose other than to deprive Libertas of its property, and therefore was willful and malicious.

25. Upon information and belief, Cherryhill hired Schwartz so that Schwartz could continue to create derivative works from Libertas' property, in violation of the Schwartz Agreements and federal copyright law. Libertas bases this belief on knowledge that Schwartz' expertise is in writing software, not operating or administering it.

26. Upon information and belief, certain components of Non-Cherryhill Software could be used by Schwartz in continuing to create derivative versions of the Cherryhill Software.

## COUNT 1
## INFRINGEMENT OF COPYRIGHT

27. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

28. The Defendant, Cherryhill, has infringed upon Libertas' exclusive rights in and to its copyrighted works by taking possession of said works without authorization by or license from Libertas.

29. Cherryhill has retained the services of Schwartz to modify and create derivative works from Libertas' copyrighted material.

30. Cherryhill's modification of Libertas' property without compensation to Libertas has and will continue to cause Libertas monetary damages in loss of revenue for creation of derivative works of said property.

31. Cherryhill is profiting from the unauthorized manipulation of Libertas' property.

32. Libertas is entitled to damages for Cherryhill's infringement of its copyright.

## COUNT 2
## TORTIOUS INTERFERENCE WITH CONTRACT

33. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

34. Cherryhill tortiously interfered with the employment of Todd Schwartz by Libertas and with his obligations as an employee of Libertas. Cherryhill induced Schwartz to deprive Libertas of the Cherryhill Software and by hiring Schwartz for the purpose of modifying and creating derivative versions of the Cherryhill Software.

35. Cherryhill's tortious interference has harmed Libertas, and will continue to harm Libertas.

36. Libertas is entitled to damages for Cherryhill's tortious interference with the Schwartz Agreements.

## COUNT 3
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

37. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

38. Libertas had an employment relationship with Schwartz that had a probability of future economic benefit to Libertas.

39. Cherryhill had knowledge of this relationship and tortiously interfered with the Libertas' employment relationship by hiring Schwartz away from Libertas.

40. Cherryhill's tortious interference has harmed Libertas, and will continue to harm Libertas.

41. Libertas is entitled to damages for Cherryhill's tortious interference with Libertas employment relationship with Schwartz.

## COUNT 4
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

42. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

43. Libertas had a business relationship with Cherryhill that had a probability of future economic benefit to Libertas.

44. Schwartz had knowledge of this relationship and tortiously interfered with the Libertas' business relationship by depriving Libertas of the Cherryhill Software and accepting employment with Cherryhill.

45. Schwartz's tortious interference has harmed Libertas, and will continue to harm Libertas.

46. Libertas is entitled to damages for Schwartz's tortious interference with Libertas business relationship with Cherryhill.

## COUNT 5
## MISAPPROPRIATION OF TRADE SECRETS

47. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

48. Cherryhill and Schwartz acquired and upon information and belief are using components of Non-Cherryhill Software that constitute trade secrets of Libertas knowing that it was acquired by improper means, and therefore misappropriated trade secrets of Libertas.

49. Schwartz' reformatting of Libertas' laptop was willful and malicious.

50. Cherryhill's inducement of Schwartz to misappropriate the trade secrets of Libertas was willful and malicious.

51. Libertas is entitled to damages for misappropriation of trade secrets under O.R.C. §1331.61-§1331.69 including punitive or treble damages.

## COUNT 6
## CONVERSION

52. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

53. In reformatting the hard drive of Libertas' laptop, Schwartz appropriated Libertas property for his own use and benefit, and exercised dominion over it to the exclusion of the rights of the lawful owner, Libertas.

54. In transferring Libertas property to Schwartz' personal home computer, and in creating Libertas property on said computer, Schwartz appropriated Libertas property for his own use and benefit, and exercised dominion over it to the exclusion of the rights of the lawful owner, Libertas.

55. Libertas made demand for return of its property in the Schwartz Letter. Schwartz has failed to return the property to Libertas.

56. Libertas is entitled to damages for conversion of personal property.

## COUNT 7
## REPLEVIN

57. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

58. Libertas has the right to possession of all data Schwartz removed from the hard drive of Libertas' laptop and all Libertas property stored on Schwartz personal computer.

59. Schwartz wrongfully holds possession of Libertas property.

60. Plaintiff is entitled to return of its property in its original condition.

## COUNT 8
## CIVIL CONSPIRACY

61. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

62. The actions of Schwartz and Cherryhill as set forth in this Complaint were unlawful and caused injury to Libertas. Such actions, whether committed by Schwartz or Cherryhill, were committed in combination to cause injury to Libertas.

63. Libertas is entitled to damages for civil conspiracy as against both defendants for all actions committed by either.

## COUNT 9
## INJUNCTIVE RELIEF

64. Plaintiff repeats and reiterates each and every preceding paragraph as if fully stated herein.

65. There is a high risk that Cherryhill and Schwartz are infringing upon Libertas' copyright by modifying and creating derivative works from the Cherryhill Software.

66. There is a risk that the Cherryhill Software could be sold or reproduced by Cherryhill.

67. Cherryhill and Schwartz have misappropriated Libertas trade secrets for their own use.

68. Schwartz has deprived Libertas of its Cherryhill Software and Non-Cherryhill Software by removing it from Libertas' lap top.

69. Such continued infringement, use of misappropriated trade secrets, and deprivation of property will cause Libertas irreparable harm.

70. Libertas asks the court to issue injunctive relief prohibiting the unauthorized distribution, reproduction and preparation of derivative works by Cherryhill and Schwartz of Libertas copyrighted material, prohibiting Cherryhill and Schwartz from using in any way Non-Cherryhill Software, ordering the return of all Cherryhill Software and Non-Cherryhill Software removed by Schwartz from Libertas' laptop or stored on Schwartz' home computer.

WHEREFORE, Libertas respectfully requests that this Court provide the following relief.

1. Libertas' actual damages incurred in, and Cherryhill's profits derived from, Cherryhill's unauthorized use of Libertas' copyrighted material and trade secret information, in an amount as yet undetermined.

2. Punitive or treble damages, as appropriate, for Cherryhill's willful misappropriation of Libertas' copyrighted and trade secret information.

3. Damages for tortious interference with the Schwartz Agreements, with Libertas' employment relationship with Schwartz, and with Libertas' business relationship with Cherryhill, in an amount to be determined by a jury, but in excess of $100,000.

4.	Damages for conversion of Libertas property in an amount to be determined by a jury, but in excess of $50,000.

5.	Replevin of Libertas property.

6.	Damages for civil conspiracy in an amount to be determined by a jury, but in excess of $50,000.

7.	Preliminary and permanent injunctive relief prohibiting continued unauthorized use of Libertas' copyrighted material and trade secret information and ordering the return of Libertas property.

8.	For all attorneys fees, costs, and other relief to which Libertas may be entitled.

9.	For a trial by jury.

Respectfully submitted,

*David E. Davidson*

David E. Davidson
Strauss and Troy
50 East Rivercenter Blvd.
Suite 1400
Covington, Kentucky 41011

513-768-9709 - direct dial
513-621-8900
513-629-9444 - fax

*Attorney for Libertas Technologies, L.L.C.*

## VERIFICATION

*[signature]*

Timothy Bankes

**COMMONWEALTH OF KENTUCKY** )
)SS:
**COUNTY OF KENTON** )

On this 22nd day of December, 2010, there appeared before me, a Notary Public, for the above County, Timothy Bankes, who is known to me and he did sign this Verification and **state the foregoing factual averments** are accurate to the best of his knowledge and belief.

*[signature]*

Notary Public
My Comm. Expires:_____

**MARITA A. CREECH**
Notary Public, Kentucky State at Large
My Commission Expires Mar. 24, 2011