UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| LIBERTAS TECHNOLOGIES, LLC, | : | Case No. 1:10-CV-935 |
| Plaintiff, | : : | Chief Judge Susan J. Dlott |
| v. | : : | Magistrate Judge Karen L. Litkovitz |
| CHERRYHILL MANAGEMENT, INC., *et al.*, | : : : | MEMORANDUM IN SUPPORT OF JOINT MOTION OF DEFENDANTS |
| Defendants. | : : | FOR DISMISSAL OF PLAINTIFF'S COMPLAINT UNDER RULE 12 |

## I. Undisputed Facts From The Complaint

Plaintiff Libertas Technologies, LLC, ("Libertas") is a software company that began providing services to Defendant Cherryhill Management, Inc. ("Cherryhill") in January 2005. Complaint, ¶5. Cherryhill operates three thrift stores in southwest Ohio. Libertas contends it owns the copyright to the software developed to help Cherryhill manage its business. Complaint, ¶7. Libertas admits that the software it developed was "a management interface to integrate individual software components into an integrated unit" ("Software Integration Project"). Complaint, ¶6.

Defendant Todd Schwartz worked for Libertas as an independent contractor until April 1, 2009. Complaint, ¶10. After that date, Schwartz worked as an employee at will until October 11, 2010. Complaint, ¶11. Schwartz' decision to end his employment with Libertas—and to begin working for Cherryhill—coincided with the completion of the Software Integration Project. Complaint, ¶15.

From this simple set of facts, Plaintiff hatches a variety of causes of action: copyright infringement, Count 1; tortious interference with contract, Count 2; tortious

interference with business relationships, Counts 3 and 4; misappropriation of trade secrets, Count 5; conversion, Count 6; replevin, Count 7; civil conspiracy, Count 8; and injunctive relief, Count 9.  These claims do not survive a motion to dismiss.

## II. Standard

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted).  The Supreme Court recently clarified in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948-50, 173 L.Ed.2d 868 (2009) that the pleading standard of Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A complaint is insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, at 557.  Plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Iqbal*, 129 S.Ct. at 1949-50.  A "legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005-06 (6th Cir. 2009).

**III.     Argument**

    **A.  Plaintiff's Claim Of Copyright Infringement Must Be Dismissed.**

        **1.     Libertas cannot seek redress of an alleged infringement of an unidentified and unregistered work.**

To establish copyright infringement, a plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  *See also Data Gen. Corp.* v. *Grumman Sys. Support Corp.*, 36 F.3d 1147, 1160 n.19 (1st Cir. 1994); *Concrete Mach. Co.* v. *Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 605 (1st Cir. 1988). To show ownership of a valid copyright and therefore satisfy *Feist*'s first prong, a plaintiff must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities.  *Engineering Dynamics, Inc.* v. *Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994).

Per 17 U.S.C. §411(a), "[n]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." "Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim." *Reed Elsevier, Inc. v. Irvin Muchnick, et al.*, 130 S.Ct. 1237, 1239 (2010).  Mindful that Libertas appears to claim infringement of both original and derivative[1] works, the registration requirement applies independently to the original and the derivative.  *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622 (6th Cir. 2001)("With very limited exceptions not

---

[1] Compare Complaint paragraphs 25 through 30.  Under 17 U.S.C. §101, a "derivative work" is a "work based upon one or more preexisting works, . . . . A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work.'"

relevant here, registration is a prerequisite to filing a copyright infringement suit."), *abrogated on other grounds by Munchick*, 130 S.Ct. 1237; *Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 816 (5th Cir. 1997).

Libertas does not allege registration of the work. Nor could it. This failure is fatal to its claim and this Court's jurisdiction. Dismissal is required.

### 2. Even If Libertas Identified And Registered The Work, Its Claim Would Be Dismissed Because The Work Is Not Copyrightable.

The second prong of *Feist, supra*, tests whether any copying occurred—a question of fact—and whether the portions of the work copied were entitled to copyright protection—a question of law. *Kepner-Tregoe, Inc. v. Leadership Software, Inc.,* 12 F.3d 527, 534-35 & n.14 (5th Cir. 1994). Cherryhill and Schwartz stoutly deny any copying. As this is a motion to dismiss, however, only the latter question of law will be addressed here. That legal question is dispositive and compels dismissal.

Software, in general, may be entitled to copyright protection. *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 n.5 (1st Cir. 1995). But even if a work is in some sense "original" under §102(a), it still may not be copyrightable because §102(b) provides that "in no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of [its] form." 17 U.S.C. §102(b). This provision of the Act embodies the "fundamental principle of copyright law that a copyright does not protect an idea, but only the expression of the idea." *Altai, supra*, at 703.

In defining the boundary between the unprotectable idea and the protectable expression in the context of computer software, courts have applied the copyright

4

doctrine of merger. Where the "expression is essential to the statement of the idea," the idea and expression are said to have "merged" and the work is uncopyrightable. *CCC Info. Servs. v. MacLean Hunter Mkt. Reports, Inc.*, 44 F.3d 61, 68 (2d Cir. 1994); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 816 (1st Cir. 1995)("If specific words are essential to operating something, then they are part of a 'method of operation' and, as such, are unprotectable."); *Warren Publishing, Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1519 n.27 (11th Cir. 1997)(Merger occurs where there is only one way or very few ways of expressing the idea.)

Here, the merger doctrine means that "the elements of a program dictated by practical realities -- *e.g.*, by hardware standards and mechanical specifications, software standards and compatibility requirements, computer manufacturer design standards, target industry practices, and standard computer programming practices -- may not obtain protection." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 535 (6th Cir. 2004). *See also Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 838 (10th Cir. 1993); *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992)("To the extent that a work is functional or factual, it may be copied."); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1473 (9th Cir. 1992)(upholding notion that "plaintiffs may not claim copyright protection of an . . . expression that is, if not standard, then commonplace in the computer software industry"). As "an industry-wide goal," programming "efficiency" represents an external constraint that figures prominently in the copyrightability of computer programs. *Altai*, 982 F.2d at 708.

Copyright protection will not exist where granting protection to the expressive component of the work necessarily would extend protection to the work's uncopyrightable ideas as well. *Gates Rubber Co., supra,* at 838; *Murray Hill*

5

*Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 319 n.2 (6th Cir. 2004)(noting that where idea and expression are intertwined and where non-protectable ideas predominate, expression is not protected).

If Libertas ever had a protectable expression in its program, it was "embodied inextricably in the line-by-line instructions of the computer program," and as a result it "merges with the expression and precludes copyright protection." *Atari Games Corp. v. Nintendo of Am., Inc.,* 975 F.2d 832, 839-40 (Fed. Cir. 1992); *Atari Games Corp. v. Nintendo of Am., Inc.,* 1993 U.S. Dist. LEXIS 6786, Nos. 88-4805 & 89-0027, 1993 WL 207548, at *1 (N.D. Cal. May 18, 1993)("Program code that is strictly necessary to achieve current compatibility presents a merger problem, almost by definition, and is thus excluded from the scope of any copyright."). The merger doctrine compels the legal conclusion that Libertas has no copyrightable interest in this case. Libertas' claim is doomed by its own characterization of the work, accurately, as "a management interface to integrate individual software components into an integrated unit." Complaint, ¶6. Integration software, by its nature, is functional rather than creative. For that reason, the work is not eligible for copyright protection and no infringement can be found. This is a second independent basis to dismiss Libertas' sole federal claim.

      **3.**    **Even If The Failure To Identify And Register An Uncopyrightable Work Were Not Insuperable Obstacles, The Utilization Statute Would Compel Dismissal Of Libertas' Infringement Claim.**

Section 117 of the Copyright Act prescribes "limitations on exclusive rights" for "computer programs," stating: "Notwithstanding the provisions of section 106, it is not an infringement for the owner of a copy of a computer program to make or authorize the

6

making of another copy or adaption of that computer program provided: (1) that such a new copy or adaption is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner, . . . ." Federal courts have interpreted this "utilization statute" in a manner to make it clear that the conduct Libertas complains about in this case is not actionable.

The Second Circuit's decision in *Krause v. Titleserv, Inc.*, 402 F.3d 119, 125 (2nd Cir. 2005) is illustrative. Krause had written a number of computer programs for Titleserv to help it manage its operations. After a decade of collaboration, the parties had a falling out. Krause objected when Titleserv began modifying the programs he had written, working out the "bugs," updating the data in the software, and adding new features to better serve the business and its customers. The Second Circuit found Titleserv's actions to be entirely within its rights under §117.

*Krause* is not an isolated decision. While the Sixth Circuit has not been presented with the issue, other courts have interpreted §117 equally broadly. *See e.g., Aymes v. Nonnelli*, 47 F.3d 23 (2d Cir. 1995)(no infringement where company modified copy of software for its own internal business means and to accommodate new product lines); *Telecomm Tech. Servs. v. Siemens Rohlm Communications, Inc.*, 66 F.Supp.2d 1306, 1324 (N.D. Ga. 1998)("Congress passed section 117 knowing that computer users would need to make copies of computer software in order to utilize that software"); *Softech Worldwide, LLC v. Internet Technology Broadcasting Corp., et al.*, Case No. 1:10cv651, 2011 U.S. Dist. LEXIS 6831, *11 (E.D. Va. January 24, 2011)(no copyright infringement when software modifications "necessary to make the software helpful or worth using"); *Vault Corp. v. Quaid Software Limited*, 847 F.2d 255, 261 (5th Cir. 1988)("Section 117(1) contains no language to suggest that the copy it permits must be

7

employed for a use intended by the copyright owner, and, absent clear congressional guidance to the contrary, we refuse to read such limiting language into this exception."); *Evolution, Inc. v. Suntrust Bank,*, 342 F.Supp.2d 943, 957 (D. Kan. 2004)(no copyright violations when Defendants alter "source code in order to enhance the functionality of plaintiff's software . . . [or] to add desired features to plaintiff's software"); *Foresight Resources Corp. v. Pfortmiller,* 719 F. Supp. 1006, 1009 (D. Kan. 1989) (The right of adaption includes "the right to add features to the program that were not present at the time of rightful acquisition" and was intended to apply to modifications for internal use, as long as the adapted program is not distributed in an unauthorized manner).

Libertas cannot overcome this body of precedent. Cherryhill is well within its rights under §117 to modify any program to suit the needs of its business. Cherryhill has not distributed any copies of the modified software and has no intent to do so. Libertas has not alleged to the contrary. These circumstances provide a third, independent basis for the dismissal of Count 1, Plaintiff's solitary federal claim.

## B. Because Libertas has no viable federal claim, this Court should dismiss the remaining claims under state law without prejudice.

Federal courts have supplemental jurisdiction to hear state-law claims if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Where a plaintiff's federal claims are dismissed before trial, however, it is appropriate to dismiss any state-law claims to permit them to be addressed in that forum. 28 U.S.C. §1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). The Sixth Circuit has noted that when all federal claims are dismissed before trial, balance of considerations will usually point to

dismissing state-law claims. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). In view of this precedent, dismissal of the remaining claims brought by Libertas is warranted.

### C. If the Court chooses to exercise jurisdiction, Libertas' causes of action under state law must be dismissed for failure to state a claim.

#### 1. Libertas' claims in Count 2, 5, and 6 must be dismissed because they are preempted by federal law.

The broad scope of the Copyright Act's preemptive reach is outlined in 17 U.S.C. §301. As the Sixth Circuit has explained,

> [A] state common law or statutory claim is preempted if: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§102, 103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. §106.

*Wrench LLC v. Taco Bell,* 256 F.3d 446, 453 (6th Cir. 2001).

As to the subject-matter requirement, there can be no serious debate that the Software Integration Project is a work within the subject matter of copyright as it is defined in *17 U.S.C. §§301, 302*. This is true despite the fact that, as discussed above, the Software Integration Project is not amenable to copyright protection. This is because "the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections." *Wrench, supra*, at 455. That is, "the scope of the Copyright Act's subject matter extends beyond the tangible expressions that can be protected under the Act to elements of expression which themselves cannot be protected." *Id*.

The equivalency requirement is likewise met. The Sixth Circuit observes that:

> equivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of

9

> the exclusive rights. Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

*Wrench, supra*, at 456.

Applying this standard, the claims of Libertas for tortious interference (Count 2), trade secrets (Count 5), and conversion (Count 6) must be dismissed. These are little more than federal copyright claims in state law clothing. For example, Libertas' claim of tortious interference against Cherryhill in Count 2 states: "Cherryhill induced Schwartz to deprive Libertas of the Cherryhill Software and by hiring Schwartz for the purpose of modifying and creating derivative versions of the Cherryhill software." Complaint, ¶34. Similarly, Libertas alleges in Count 5 that "Cherryhill and Schwartz acquired and upon information and belief are using components of non-Cherryhill Software that constitute trade secrets of Libertas knowing that it was acquired by improper means, and therefore misappropriated trade secrets of Libertas." Complaint, ¶48. One cannot dodge the ambit of federal preemption by calling a copyrighted work a "trade secret." *Mitchell v. Penton/Indus. Publishing Co.,* 486 F. Supp. 22 (N.D. Ohio 1979)(holding that common law unfair competition claim preempted by the Copyright Act). Libertas' claim for conversion in Count 6 must also fail; courts have held conversion to be preempted by the Copyright Act. *United States ex rel Berge v. Bd. of Trustees of the Univ. of Ala.,* 104 F.3d 1453, 1463 (4th Cir. 1997); *Daboub v. Gibbons,* 42 F.3d 285, 290 (5th Cir. 1995).

### 2. Libertas' claims for tortious interference in Counts 2, 3, and 4 fail to state claims under Kentucky law.

Libertas alleges: tortious interference by Cherryhill with Schwartz's contract with Libertas, Count 2; tortious interference by Schwartz with Libertas' business relationship with Cherryhill, Count 4; tortious interference by Cherryhill with Libertas' business relationship with Schwartz, Count 3. None of these claims can be maintained as a matter of law.

To prevail on a tortious interference claim, the plaintiff must plead and prove six elements: (1) the existence of a contract; (2) the tortfeasor's knowledge of the contract; (3) the tortfeasor's intent to cause the breach of the contract; (4) the tortfeasor caused one party to the contract to breach the contract; (5) the breach caused damages to the non-breaching party to the contract; and (6) the tortfeasor acted with malice toward the non-breaching party to the contract. *See e.g., NCAA v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988).[2]

Malice has always been a prerequisite to an interference claim. *Derby Road Building Co. v. Commonwealth of Kentucky*, (Ky., 1958), 317 S.W.2d 891; *Brooks v. Patterson*, 234 Ky. 737, 29 S.W.2d 26 (1930). To prove malice, the plaintiff must demonstrate that the tortfeasor acted without legitimate justification and with animosity towards the non-breaching party to the contract. *Hornung, supra*, at 858-60. Malicious interference is typically accomplished by some unlawful means such as fraud, deceit, coercion, or the breach of a fiduciary or confidential relationship. *Henkin, Inc. v.*

---

[2] Kentucky law appears to apply, given that Libertas and Schwartz are Kentucky residents. Nevertheless, similar elements exist under Ohio law. *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 178-179 (1999); *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863 (1995); *Brookside Ambulance, Inc. v. Walker Ambulance Service*, 112 Ohio App.3d 150, 155-156 (1996).

11

*Berea Bank & Trust Co.*, 566 S.W.2d 420 (Ky. App., 1978).  Plaintiff fails to allege malice in connection with its interference claims.  Indeed, Plaintiff cannot—in good faith compliance with Rule 11—allege malice.  This defect is fatal to both Counts 2, 3, and 4.

  Even if the malice element did not present an insuperable obstacle, these claims would have to be dismissed for an independent reason.  Kentucky follows the Second Restatement of Torts, Section 766.  *Carmichael-Lynch-Nolan Advertising Agency, Inc. v. Bennett & Associates, Inc.*, 561 S.W.2d 99 (Ky. App., 1977).  Section 766 does not impose liability for "interference" where the third party has a privilege to act.  Thus, a tortious interference claim cannot lie against a party "act[ing] in good faith to assert a legally protected interest of [its] own."  *NCAA v. Hornung* (Ky., 1988), 754 S.W.2d 855, 858.

  Applying these principles, Libertas' claim of tortious interference by Cherryhill with Schwartz's contract with Libertas (Count 2) must fail because a company does not face tort liability by offering employment to the at-will employee of another company.  Viewed from another perspective, Schwartz did not "breach" his employment agreement by deciding to accept Cherryhill's employment offer.  Libertas apparently agrees, given that it did not allege breach of contract.  As Schwartz did not breach any contract, Cherryhill cannot be said to have "procured" any breach.

  The same logic compels dismissal of Count 3, the allegation of tortious interference by Cherryhill with Libertas' business relationship with Schwartz, Count 3.  Any business "relationship" that Libertas has with Schwartz is subsumed in the employment agreement between those parties.

  Lastly, the claim that Schwartz tortiously interfered with Libertas' business relationship with Cherryhill (Count 4), must be dismissed for the converse reason.  An

at-will employee of a vendor does not commit a tort when he accepts an offer of employment from the vendor's customer. Libertas attempts to attach liability to transactions that occur by the thousands in the employment marketplace every day. None of these claims can be maintained as a matter of law. Consequently, Counts 2, 3, and 4 must be dismissed.

### 3. Libertas' Claims For Conversion And Replevin Are Untenable Because There Is No Tangible Property At Issue In This Case.

Libertas brings a claim for conversion in Count 6 and replevin in Count 7. Both torts are inapplicable in the context of digital information. While Cherryhill and Schwartz deny copying protected data owned by Libertas, such copying would not constitute conversion or lay the foundation of an order of possession. "Chattels" do not include data under Ohio law. "In modern usage, the word 'chattels' is ordinarily limited to visible, tangible, movable personal property." *Green v. Green*, 9 Ohio Misc. 15, 221 N.E.2d 388 (1966). Consequently, the claims of "trespass to chattels" and conversion require the physical impairment of a tangible object; copying data is simply insufficient. *Universal Tube & Rollform Equipment Corp. v. YouTube, Inc.*, 504 F.Supp.2d 260 (N.D. Ohio 2007). For these reasons, Counts 6 and 7 must also be dismissed.

### 4. Libertas' claims for civil conspiracy or injunctive relief must be dismissed.

In *Smith v. Board of Education of Ludlow*, 264 Ky. 150, 94 S.W.2d 321 (1936), Kentucky's highest court defined civil conspiracy: "As a legal term the word 'conspiracy' means a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Id.* at

325; *see also McDonald v. Goodman*, 239 S.W.2d 97, 100 (Ky., 1951)(adopting the definition of civil conspiracy set forth in *Smith*).  The Supreme Court reaffirmed this definition when it again addressed the issue of conspiracy in *Montgomery v. Milam*, 910 S.W.2d 237 (Ky. 1995).  The Court emphasized that to prevail on a claim of civil conspiracy, the plaintiff must show an unlawful or corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act.  *Id.* at 239.

The Court has made it clear, however, that there is no such thing as a civil action for conspiracy ***itself***, noting that the action is for damages caused by acts committed ***pursuant to*** a formed conspiracy.  In the absence of such acts done by one or more of the conspirators and resulting in damage, no civil action lies against anyone since the gist of the civil action for conspiracy is the act or acts committed in pursuance of the conspiracy, not the actual conspiracy.  *Davenport's Adm'x v. Crummies Creek Coal Co.*, 299 Ky. 79, 184 S.W.2d 887, 888 (Ky. 1945).

For the reasons discussed above, Libertas is unable to assert any cognizable claim that Defendants did anything unlawful.  Consequently, there can be no claim for conspiracy.  The claim for injunctive relief fails for the same reason.  Accordingly, Counts 8 and 9 must be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, Libertas' Complaint must be dismissed.  Plaintiff's federal claims must be dismissed with prejudice; its state law claims should be dismissed without prejudice.  A proposed Order is attached for the Court's convenience.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky 41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants
Cherryhill Management, Inc., and
Todd Schwartz

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 28th day of February, 2011, to all counsel of record.

/s/ Matthew D. Hemmer
Matthew D. Hemmer