UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTAS TECHNOLOGIES, L.L.C.,
    Plaintiff

vs

CHERRYHILL MANAGEMENT INC., et al.,
    Defendants

Case No. 1:10-cv-935
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendants' motion to dismiss (Doc. 11), plaintiff's opposing memorandum (Doc. 12), and defendants' reply memorandum in support of their motion to dismiss. (Doc. 16).

## I. Introduction

Plaintiff Libertas Technologies, L.L.C. (Libertas) brings this action for copyright infringement and various state law violations against its former employee, Todd Schwartz, and Cherryhill Management, Inc. (Cherryhill). Jurisdiction is premised on 28 U.S.C. § 1338, which grants the district courts original jurisdiction over copyright cases.[1]

Plaintiff Libertas makes the following allegations in the complaint: Libertas is a Kentucky limited liability company which has its principal office in Cincinnati, Ohio, and which is authorized to transact business in Ohio. (Doc. 1, ¶ 1). Cherryhill is, upon information and belief, an Ohio corporation with its principal place of business in Hamilton, Ohio. (Id., ¶ 2). Schwartz is an individual who is believed to reside in Kentucky. (Id., ¶ 3).

---

[1] The complaint does not assert a basis for the Court's jurisdiction over the state claims. However, those claims are necessarily brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) since, according to the allegations of the complaint, complete diversity is lacking. See 28 U.S.C. § 1332.

In or around January 2005, Libertas entered into an agreement with Cherryhill to develop software for use in Cherryhill's business. (*Id.*, ¶ 5). From that date through approximately October 11, 2010, Libertas developed various components of the software and ultimately developed a management interface to integrate individual software components into an integrated unit.[2] (*Id.*, ¶ 6). Libertas owns the copyright to all software, including all written code, which was developed for the Cherryhill Software. (*Id.*, ¶ 7). Libertas has the exclusive right to control the reproduction, distribution and preparation of derivative works based on the copyrighted material. (*Id.*, ¶ 8).

Libertas provided defendant Schwarz as a dedicated software engineer to service Cherryhill's account. (*Id.*, ¶ 9). Schwartz worked for Libertas as an independent contractor from on or around June 6, 2007, to approximately April 1, 2009, subject to a Nondisclosure Agreement. (*Id.*, ¶ 10; Exh. A). From the latter date to approximately October 11, 2010, Schwartz worked for Libertas as an at-will employee subject to the terms of an "Offer of Employment" which the two parties executed on March 24, 2009. (*Id.*, ¶ 11; Exh. B). Also, while employed as an independent contractor, Schwartz had signed a copy of the Libertas Employee Manual on August 14, 2007, and thereby agreed to observe the terms of the Manual while working for Libertas. (*Id.*, ¶ 12). The Manual bound Libertas employees working with its customers to terms of confidentiality. (*Id.*). The Manual also prohibited anyone from making copies of Libertas' records, reports or documents without the company's approval. (*Id.*). Collectively, the Nondisclosure Agreement, Offer of Employment, and the terms of Schwartz's employment with Libertas, among other obligations, prohibited Schwartz from removing,

---

[2]The software Libertas developed for Cherryhill will hereafter be referred to as the "Cherryhill Software."

manipulating, or making copies of any Libertas property without prior management approval. (*Id.*, ¶ 13).

On or about October 11, 2010, Libertas completed the integrated management phase of the Cherryhill Software development. (*Id.*, ¶ 15). That same day, Schwartz notified Libertas by email that the work for Cherryhill on integrating the various component software programs was complete and he was leaving Libertas. (*Id.*, ¶ 16). Also on or about the same day he notified Libertas he was leaving, Schwartz reformatted the hard drive of his Libertas-issued laptop, which was in breach of his duty to Libertas. (*Id.*, ¶ 17). He thereby removed or destroyed final derivative works of the Cheryhill Software and removed or destroyed property of Libertas. (*Id.*, ¶ 17). The destroyed property included software he had developed during the course of his work for Cheryhill. (*Id.* ¶ 17). It also included Libertas data which constitutes copyrighted material and/or trade secrets of Libertas, which Schwartz had obtained access to while performing work for clients of Libertas other than Cheryhill (Non-Cherryhill Software). (*Id.*, ¶¶ 14, 17). Schwartz acted willfully and maliciously in reformatting the hard drive because his sole purpose was to deprive Libertas of its property. (*Id.*, ¶ 18).

Upon information and belief, during the term of his engagement with Libertas, Schwartz used his home personal computer to perform Libertas work, which was in violation of his agreements with the company. (*Id.*, ¶ 19). Upon terminating his employment with Libertas, Schwartz failed to return to Libertas any Cherryhill Software and Non-Cherryhill Software stored on his personal computer. (*Id.*, ¶ 20). Libertas demanded that Schwartz return all its property by letter dated October 22, 2010. (*Id.*, ¶ 21; Exh. C). Schwartz has failed to return any property of Libertas. (*Id.*, ¶ 22).

3

Upon information and belief, Cherryhill induced Schwartz to take the contents of his Libertas laptop with him to Cherryhill for Cherryhill's own use. (*Id.*, ¶ 23). Cherryhill acted willfully and maliciously because its sole purpose in doing so was to deprive Libertas of its property. (*Id.*, ¶ 24). Also upon information and belief, Cherryhill hired Schwartz so that Schwartz would continue to create derivative works from Libertas' property, in violation of Schwartz's agreements with Libertas and federal copyright law. (*Id.*, ¶ 25).

Based on these allegations, Libertas brings claims for copyright infringement (Count 1) and state claims for tortious interference with contract (Count 2); tortious interference with business relationship (Counts 3, 4); misappropriation of trade secrets (Count 5); conversion (Count 6); replevin (Count 7); and civil conspiracy (Count 8). (*Id.*, ¶¶ 27-63). As relief, Libertas seeks actual and compensatory damages; punitive or treble damages; replevin of its property; and preliminary and permanent injunctive relief.

## II. Motion to Dismiss

Defendants Cherryhill and Schwartz move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(6) for failure to state a claim upon which relief can be granted. Defendants contend that plaintiff's copyright infringement claim must be dismissed because plaintiff does not allege registration of the copyright, which is a precondition for filing a copyright infringement claim under 17 U.S.C. § 411, the federal copyright statute. Defendants allege that even assuming Libertas had registered the copyright, its claim must be dismissed because (1) the work in question is not eligible for copyright protection, and (2) defendants' conduct is not actionable because Cherryhill was within its rights to modify any program to suit its business needs under the authority of 17 U.S.C. § 117, the "utilization statute," which allows the owner of

4

a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program if certain conditions are met. Finally, defendants contend that because Libertas does not have a viable federal claim, the Court should decline to exercise supplemental jurisdiction over the remaining state claims and should dismiss those claims without prejudice.

In response, Libertas concedes that registration is an element of a copyright infringement claim. Libertas nonetheless argues that because the registration requirement is not jurisdictional, its copyright claim should not be dismissed solely on the basis of failure to register the copyright. Rather, Libertas asserts that it filed for registration of its copyrightable material, and Libertas states that it has attached an affidavit to its opposing memorandum together with "the document showing that the registration was made." (Doc. 12 at 4 citing Doc. 12-1, Aff. of Timothy Bankes; Doc. 12-2). Although Libertas concedes that a certification of registration for its copyright has not yet been issued by the U.S. Copyright Office, Libertas argues this should not affect whether the Court considers the copyright infringement claim because the question of whether its claim should be registered is a matter for the Copyright Office. Nonetheless, if the Court deems it necessary, Libertas seeks leave of Court to amend the complaint to allege that it has applied for registration of its copyright.

As to the merits of its copyright claim, Libertas argues that its work is copyrightable, and a determination as to whether the utilization statute applies cannot be made based on the pleadings but instead depends on a full development of the record. Libertas contends that because the federal copyright claim is viable, the Court should retain jurisdiction over the state claims.

5

### III. Rule 12(b)(6) Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

6

## IV. Copyright Law

A copyright infringement claim under 17 U.S.C. § 411 has two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting *Stromback v. New Line Cinema,* 384 F.3d 283, 293 (6th Cir. 2004)). Subject to the requirements of § 411, the legal or beneficial owner of an exclusive right under a copyright is entitled to institute an action for any infringement of that right committed during its ownership. 17 U.S.C. § 501(b). Section 411(a) requires that no civil action for infringement of a copyright can be instituted until preregistration or registration of the copyright claim has been made in accordance with that title. 17 U.S.C. § 411(a).

Section 411(a)'s registration requirement is not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010). Accordingly, a plaintiff's failure to comply with the registration requirement does not divest the federal courts of subject matter jurisdiction over a copyright infringement claim. *Id.* at 1241. However, the requirement is a precondition to filing a claim. *Id.* "[Section 411(a)] establishes a condition - copyright registration - that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." *Id.* at 1242. The registration precondition is not satisfied where a plaintiff files a copyright action before registering its copyright claim. *Treadmilldoctor.com v. Johnson*, No. 08-2877, 2011 WL 1256601, at *4 (W. D. Tenn. March 31, 2011) (citing *Reed Elsevier,* 130 S.Ct. at 1241; *Coles v. Wonder,* 283 F.3d 798, 801 (6th Cir. 2002); *Murray Hill Publ'ns, Inc. v. ABC Communications, Inc.,* 264 F.3d 622, 630 (6th Cir. 2001), *abrogated on other grounds, Reed Elsevier,* 130 S.Ct. 1237) (and other cases)).

7

There is a split of authority among the federal courts as to whether filing an application for registration with the Copyright Office satisfies the precondition for filing suit. *See Ripple Junction Design Co. v. Olaes Enterprises, Inc.*, No. 1:05-cv-43, 2005 WL 2206220, at *3 (S.D. Ohio Sept. 8, 2005) (collecting cases). Several federal courts have held that a plaintiff may file a copyright infringement action upon filing a copyright application, paying the appropriate fee, and depositing the material to be protected, in which case the plaintiff need not await the Copyright Office's actual registration of the copyright before filing suit. *See Iconbazaar, L.L.C. v. America Online, Inc.*, 308 F.Supp.2d 630, 633 (M.D.N.C. 2004) (collecting cases). Others have held that a plaintiff may bring a suit for copyright infringement only upon the Copyright Office's registration of the copyright or refusal to register the copyright. *Id. See also La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-04 (10th Cir. 2005) (collecting cases). The Sixth Circuit has not specifically addressed whether a registrant's application for a copyright satisfies the precondition for filing suit. However, this District Court weighed in on the issue in *Ripple Junction*, 2005 WL 2206220.

The District Court in *Ripple Junction* acknowledged that it is well-established that "registration is a prerequisite to filing suit for copyright infringement."[3] *Id.* at *3 (citing *Murray Hill*, 264 F.3d at 630). However, because the Sixth Circuit had not specifically addressed the issue of whether merely filing an application for a copyright satisfies the registration precondition, the District Court undertook an independent analysis of the issue. The Court examined the pertinent statutory language and determined as "a matter of straightforward

---

[3]Insofar as the Court indicated that the registration requirement is jurisdictional (*id.* at **3, 5), this portion of the Court's decision has been abrogated by the Supreme Court's decision in *Reed Elsevier*. However, the Supreme Court's decision does not effect the remainder of the District Court's analysis and holding as to whether actual registration is required prior to instituting suit.

8

statutory construction" that merely filing an application for registration is insufficient to satisfy the condition precedent to filing a copyright infringement suit. *Id.* at **3, 4. Rather, in order for a plaintiff to bring a copyright infringement action, the Copyright Office must have either registered the copyright or refused the application. *Id.* at *5.

Where the plaintiff has failed to satisfy the registration precondition to suit, and a defendant timely raises the plaintiff's failure in a motion to dismiss, the plaintiff's claim must be dismissed. *See Hoogerheide v. IRS*, 637 F.3d 634, 637, 639 (6th Cir. 2011) (analogizing nonjurisdictional, mandatory exhaustion requirement under IRS requirement scheme to copyright registration requirement). *See also Treadmilldoctor.com*, 2011 WL 1256601, at *5 (and cases cited therein) (although the district court has jurisdiction over the claim where the defendant does not obtain a copyright registration prior to filing suit, the action is subject to dismissal when a defendant moves to dismiss the action for failure to state a claim).

## V. Resolution

The copyright infringement claim brought by Libertas under 17 U.S.C. § 411 should be dismissed due to Libertas' failure to satisfy the precondition of registration of its copyright. There is no allegation in the complaint that the copyright is registered. Even if the Court were to consider the copyright application attached to Libertas' response to defendants' motion to dismiss (Doc. 12-2), dismissal of the copyright infringement claim would still be warranted.[4] The mere filing of an application for registration is insufficient to satisfy the registration

---

[4]The Court declines to consider the matters outside the pleadings submitted by defendants, which include a "Notice of Filing" with the affidavit of Timothy Bankes, the President of Libertas, attached and two additional documents: 1) a copy of the application of the registration of the software, which is the same application that is attached to plaintiff's response to the motion to dismiss; and 2) a cover e-mail from the Copyright Office confirming that the application was successfully made. (Doc. 14). Because the Court is declining to consider these matters, the Court will not convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion. *See* Rule 12(e).

9

precondition to filing suit and to avoid dismissal of a copyright infringement suit brought under § 411. *See Ripple Junction*, 2005 WL 2206220, at *5 (condition precedent to filing suit was not met and motion to dismiss was well-taken where complaint demonstrated the plaintiff had filed applications to register its copyrights, but the copyrights had not been registered or refused by the Copyright Office). Because plaintiff has failed to satisfy the precondition to suit of registration of its copyright claim, plaintiff's claim for copyright infringement must be dismissed.

The only remaining claims in this case are claims that plaintiff brings under state law. The only possible source of jurisdiction over these claims is supplemental jurisdiction under 28 U.S.C. § 1367 since Libertas alleges that both plaintiff and defendant Schwartz are citizens of Kentucky. Pursuant to 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If all federal claims are dismissed before trial, then the state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, if the District Court dismisses the copyright infringement claim, then the Court should decline to exercise supplemental jurisdiction over plaintiff's state claims and dismiss those claims without prejudice.

**IT IS THEREFORE RECOMMENDED**:

1. Plaintiff's copyright infringement claim under 17 U.S.C. § 411 (Count 1) should be **DISMISSED** without prejudice to plaintiff's right to refile the claim upon satisfaction of the precondition of registration of the copyright.

2. The Court should decline to exercise supplemental jurisdiction over plaintiff's state claims (Counts 2-8) and dismiss those claims without prejudice.

Date: 8/1/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTAS TECHNOLOGIES, L.L.C.,

    Plaintiff

vs

CHERRYHILL MANAGEMENT, INC., et al.,

    Defendants

Case No. 1:10-cv-935
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).