UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| LIBERTAS TECHNOLOGIES, LLC, | : | Case No. 1:10-CV-935 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | DEFENDANTS' JOINT MOTION |
| | : | FOR JUDGMENT ON THE |
| CHERRYHILL MANAGEMENT, INC., *et al.*, | : | PLEADINGS |
| | : | |
| Defendants. | : | |

**NOW COME** Defendants Cherryhill Management, Inc., and Todd Schwartz, by and through counsel, and move this Court for judgment on the pleadings as to Plaintiff's claims for copyright infringement under Federal Rule of Civil Procedure 12(c). The facts alleged in the Answer, Complaint, and public filings with the United States Copyright Office demonstrate that Libertas failed to properly register its alleged copyright—a jurisdictional perquisite to any claim in this Court. Without a federal claim, this Court must dismiss the remaining claims without prejudice. This Motion is supported by the attached Memorandum.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky 41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants
Cherryhill Management, Inc., and
Todd Schwartz

**MEMORANDUM IN SUPPORT**

I. **RELEVANT FACTS FROM THE PLEADINGS[1]**

Defendant Cherryhill Management, Inc. ("Cherryhill"), operates three thrift stores in southwest Ohio. Plaintiff Libertas Technologies, LLC, ("Libertas") is a software company that began providing services to Cherryhill in January 2005. Amended Complaint [Doc. No. 17-1], ¶¶1, 2, and 5. Libertas did so through its software engineer, Defendant Todd Schwartz. *Id.*, at ¶9. Libertas contends it owns the copyright to the software Cherryhill uses as "a dashboard to integrate individual software components into an integrated unit" (the "Cherryhill Software"). *Id.*, at ¶6. Libertas alleges that it obtained a copyright registration for the Cherryhill Software bearing number TXu 1-688-153. *Id.*, at ¶7.

II. **ARGUMENT**

    A. **Standard for judgment on the pleadings**

A motion for judgment on the pleadings pursuant to Civ. R. 12(C) is, in effect, a dismissal, and therefore is reviewed in the same manner as a motion made under Civ. R. 12(B)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Courts "must construe the complaint in the light most favorable to plaintiff . . . [and] accept all well-pled factual allegations as true," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), to determine whether the "complaint states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff, however, must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell*

---

[1] Additional facts are presented in the argument section of this memorandum.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Claims are insufficient when the allegations are "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Iqbal*, 129 S. Ct. at 1950.

> **B. Libertas failed to register a copyright relating to the work alleged in its Complaint, depriving this Court of jurisdiction to hear an infringement action.**

Under 17 U.S.C. §411(a), copyright infringement actions may not be filed "until registration of the copyright claim has been made in accordance with this title."[2] The Magistrate Judge recommended dismissal of Libertas' original Complaint for failure to register under that statute. Report and Recommendations [Doc. No. 15]. Faced with dismissal, Libertas amended its Complaint to add the novel allegation that the Cherryhill Software had in fact been registered under TXu 1-688-153. Amended Complaint [Doc. No. 17-1], ¶7. Given that allegation, this Court denied the motion to dismiss [Doc. No. 11]. Public records from the United States Copyright Office ("USCO"), however, demonstrate that Libertas never actually registered the Cherryhill Software.

Libertas did in fact file an application for copyright registration. The work in that application, however, has nothing to do with the Cherryhill Software. According to Libertas, the Cherryhill Software is "a dashboard to integrate individual software components into an integrated unit." Amended Complaint [Doc. No. 17-1], ¶6. The

---

[2] "Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim." *Reed Elsevier, Inc. v. Irvin Muchnick, et al.*, 130 S.Ct. 1237, 1239 (2010); *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622 (6th Cir. 2001)("With very limited exceptions not relevant here, registration is a prerequisite to filing a copyright infringement suit."), *abrogated on other grounds by Munchick*, 130 S.Ct. 1237; *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

3

software attached to Libertas' registration, called a "deposited work," never mentions dashboards or software integration. Instead, the deposited work is titled "Driver Unload Software" and is described as a "system for administration and monitoring of drivers with inbound product." A true copy of the deposited work is attached as **Exhibit A**, at 1. Whatever the Driver Unload Software may be, it is not the Cherryhill Software on which Libertas' Amended Complaint is based. Before Libertas can file suit on the Cherryhill Software, it must file a registration relating to that work. Because Libertas has failed to satisfy §411(a), its Amended Complaint must be dismissed.

> **C. The deposited work for Libertas' unrelated copyright filing is insufficient under the USCO filing guidelines.**

Even if Libertas applied for registration of the work on which its Amended Complaint is based—which Cherryhill denies—dismissal is still necessary because Libertas' registration is defective under 17 U.S. Code §408. Section 408 of the Copyright Act subjects all copyright registrations to a mandatory deposit requirement. In the case of an unpublished work, the applicant must deposit "one complete copy." 17 U.S. Code §408(c)(1). Any copy deposited as part of a registration application must be virtually identical to the original and must have been produced by directly referring to the original. *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002) (reconstructions and recreations are not bona fide copies and are insufficient for deposit copy).

Per USCO Circular 7B, the copy must further be the "best edition" of a work. A true and accurate copy of Circular 7B is attached as **Exhibit B**. A best edition has the most legible text available and does not include "technological measures that control

access to or use of the work."[3]

Libertas intentionally modified the work it deposited by adding thick black diagonal lines. The end result looked like this:



A true and accurate copy of the complete deposited work is attached as Exhibit A. Libertas' changes make the deposited work unreadable. Further, the electronically added diagonal lines constitute "technological measures that control access to" the work. Moreover, the lines prevent the copy from being most readable—and therefore best—edition of the work. On a more basic level, this modification prevents the deposited work from being an exact copy.

When a copyright applicant submits incomplete or inadequate deposit copies, the applicant cannot satisfy the jurisdictional prerequisites for a copyright infringement claim and cannot maintain infringement action. *Fernando Torres-Negron v. J & N Records, LLC*, 504 F.3d 151 (1st Cir. 2007) (failure to deposit exact copy of work invalidated copyright registration and deprived District Court of jurisdiction to hear infringement claim); *Geoscan, Inc., of Tex. v. Geotrace Techs., Inc.* 226 F.3d 387, 393

---

[3] The deposit requirements serves a valuable evidentiary function. The deposit copy becomes part of a record by which claims of infringement are tested. Without a legitimate deposit copy, Cherryhill would be forced to defend against a moving target.

(5th Cir. 2000) (copyright registration for software was defective where unmodified "original source codes" were not deposited). Because the work Libertas deposited does not satisfy §408, Libertas' application for copyright registration is ineffective. Because its registration application is defective as a matter of law, Libertas has failed to satisfy §411(a) for this independent reason. Dismissal is required.

### D. Because Libertas has no viable federal claim, this Court should dismiss the remaining claims under state law without prejudice.

Federal courts have supplemental jurisdiction to hear state-law claims if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Where a plaintiff's federal claims are dismissed before trial, however, it is appropriate to dismiss any state-law claims to permit them to be addressed in that forum. 28 U.S.C. §1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). The Sixth Circuit has noted that when all federal claims are dismissed before trial, balance of considerations will usually point to dismissing state-law claims. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). In view of this precedent, dismissal of the remaining claims brought by Libertas is warranted.

## IV. CONCLUSION

For the foregoing reasons, Libertas' Amended Complaint must be dismissed. The copyright infringement claims must be dismissed with prejudice; its state-law claims should be dismissed without prejudice.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky 41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants
Cherryhill Management, Inc., and
Todd Schwartz

**CERTIFICATE OF SERVICE**

    I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 1st day of August, 2012, to all counsel of record.

/s/ Matthew D. Hemmer
Matthew D. Hemmer