UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| LIBERTAS TECHNOLOGIES, LLC, | : | Case No. 1:10-CV-935 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | DEFENDANTS' JOINT MOTION |
| | : | FOR AN ORDER ISSUING A |
| CHERRYHILL MANAGEMENT, | : | REQUEST TO THE REGISTER OF |
| INC., *et al.*, | : | COPYRIGHTS PER 17 U.S. CODE |
| | : | §411(B)(2) AND FOR IMPOSITION |
| Defendants. | : | OF A STAY PENDING THE |
| | : | RESPONSE THERETO |

**NOW COME** Defendants Cherryhill Management, Inc., and Todd Schwartz, by and through counsel, and move this Court to issue a request for advice to the Register of Copyrights in compliance with 17 U.S. Code §411(B)(2) and to stay further proceedings pending the receipt of that advice. The allegations in Cherryhill's Answer make the request statutorily required. The discretionary imposition of a stay will promote judicial economy and aid the Court in the resolution of the Cherryhill's pending Motion for Judgment on the Pleadings for lack of federal subject matter jurisdiction. A memorandum in support and proposed Order are attached.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky  41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants Cherryhill
Management, Inc., and Todd Schwartz

**MEMORANDUM IN SUPPORT**

I.  **RELEVANT FACTS AND PROCEDURAL HISTORY**

Mindful that the Court has ruled on the motion to dismiss filed by Cherryhill Management, Inc. ("Cherryhill") in this case, a detailed recitation of the facts is unnecessary. Suffice it to say here that this Court's jurisdiction over the claims of Plaintiff Libertas Technologies, LLC, ("Libertas") hinges on Libertas' assertion that it registered the "Cherryhill Software" with the Copyright Office, registration number TXu 1-688-153. Amended Complaint [Doc. No. 17-1], ¶7; Order denying Cherryhill's motion to dismiss [Doc. No. 11].

II.  **ARGUMENT**

    A.  **This Court must seek advice from the Register of Copyrights as to effect of the alleged inaccurate information in Plaintiff's copyright registration application.**

Cherryhill challenged Libertas' the sufficiency of Libertas' copyright registration application. Among other things, Cherryhill alleges that the deposited work is not the best edition of the work. Cherryhill's Answer, [Doc No. 37], ¶7 and Exhibit 1 thereto. That is, the diagonal black lines Libertas superimposed over the software make the deposited work illegible and, for that reason, an inaccurate depiction of the work, as shown in the excerpted image below.



Given the nature of Cherryhill's challenges to Plaintiff's registration, Title 17, U.S. Code §411(b)(2) compels this Court to seek advice from the Register of Copyrights as to effect of the inaccurate information:

> In any case in which inaccurate information described under paragraph (1) is alleged, the court ***shall*** request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

(Emphasis added). To facilitate the Court's compliance with this statutory obligation, a proposed order is attached for the Court's convenience.

### B. This Court should impose a stay of these proceedings pending the response of the Register of Copyrights.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co., Inc.,* 299 U.S. 248 (1936). That power rests within the sound discretion of the district court. *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). A stay should be imposed when further litigation "would thwart judicial economy by wasting

3

the time and resources of both the court and all parties involved." *Clark Constr. Group, Inc. v. City of Memphis,* 2002 U.S. Dist. LEXIS 27748, Case No. 01-2780 (W.D. Tenn. June 7, 2002).

The imposition of a stay while the Register of Copyrights considers this Court's statutory request for advice will promote judicial economy. The response of the Copyright Office may facilitate this Court's resolution of Cherryhill's pending motion for judgment on the pleadings [Doc. No. 38]. Indeed, the advice received may be dispositive because the advice must include the legal effect of any defects in the deposited work. Cherryhill anticipates that the Copyright Office will declare the redacted work is not a "best edition" required by 17 U.S. Code §408(b)(2) and Libertas' registration will be ineffectual. That defective registration attempt, in turn, will deprive this Court of jurisdiction. *See Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.,* 226 F.3d 387 (5th Cir. 2000).

Conversely, the imposition of a brief stay will not prejudice any party. On the contrary, the parties will be spared the expense of discovery that may prove unnecessary or of little value in a later state court proceeding.

## IV.     CONCLUSION

For the foregoing reasons, the Court must seek the advice of the Register of Copyrights, as required by statute. This Court should stay proceedings in this action pending receipt of that advice to promote judicial economy.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)

4

>HEMMER DEFRANK PLLC
>250 Grandview Drive, Suite 500
>Fort Mitchell, Kentucky  41017
>(859) 344-1188
>(859) 578-3862 (fax)
>sthomas@HemmerLaw.com
>
>Trial Attorneys for Defendants
>Cherryhill Management, Inc., and
>Todd Schwartz

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 15th day of August, 2012, to all counsel of record.

>/s/ Matthew D. Hemmer
>Matthew D. Hemmer