**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**

| | | |
|---|---|---|
| **LIBERTAS TECHNOLOGIES, LLC,** | : | Case No. 1:10-CV-935 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | DEFENDANTS' JOINT REPLY |
| | : | TO PLAINTIFF'S MEMORANDUM |
| **CHERRYHILL MANAGEMENT,** | : | OPPOSING DEFENDANTS' |
| **INC.,** *et al.*, | : | MOTION FOR JUDGMENT |
| | : | ON THE PLEADINGS |
| Defendants. | : | |
| | : | ORAL ARGUMENT REQUESTED |

## I.  Introduction

Cherryhill Management, Inc., and Todd Schwartz (collectively "Cherryhill") moved this Court for judgment on the pleadings as to Plaintiff's claims for copyright infringement under Federal Rule of Civil Procedure 12(c) because the facts alleged in the Answer, Complaint, and public filings with the United States Copyright Office demonstrate that Plaintiff failed to properly register its alleged copyright.  This Court's jurisdiction over the claims of Plaintiff Libertas Technologies, LLC, ("Libertas") hinges on Libertas' assertion that it registered the "Cherryhill Software" with the Copyright Office, registration number TXu 1-688-153.  Amended Complaint [Doc. No. 17-1], ¶7; Order denying Cherryhill's motion to dismiss [Doc. No. 11].  As the defects in Libertas' registration arise from the deposited work, not the registration application, Libertas' registration is not entitled to any presumption of validity.  Plaintiff's memorandum attempts to defend that registration with new information and explanations that serve only to illuminate additional barriers to the exercise of jurisdiction.  Plaintiff's federal claim must be dismissed.  If the Court is in any doubt as

to the facts on which jurisdiction is predicated, an evidentiary hearing should be held to establish those facts, particularly the facts Plaintiff now offers which are absent from, or contradict statements in, its Amended Complaint.

## II. Standards

### A. Cherryhill is not arguing summary judgment issues.

Plaintiff begins by attempting to paint these issues as summary judgment material.[1] Waiting for motion for summary judgment would make sense if Cherryhill were asking the court to rule on the validity of the ***copyright itself***, which it is not. Waiting for motion for summary judgment would be proper if Cherryhill were asking the court to rule on whether the software is a protectable creation or an unprotectable functional program, which Cherryhill is not. Defendants are simply challenging the validity of Libertas' ***registration***. The validity of that registration is an issue of jurisdictional dimension. Libertas has the burden to satisfy the Court it has jurisdiction. It has utterly failed to meet that burden. In fact, Libertas has shirked that burden.

### B. Registration is the beginning of the inquiry, not the end.

Plaintiff argues that its registration alone permits it to proceed. The registration of the copyright is a significant event that inescapably leads to the conclusion that the motion to for judgment on the pleadings should be overruled."[2] These facts do not establish jurisdiction. Registering a copyright is not dispositive.

---

[1] "This is a motion for summary judgment that the defendants are seeking - not a judgment on the pleadings. They are attacking the facts alleged in the Complaint, which is their right to do at the appropriate time." Memo. Contra, Doc. No. 43, at 2.

[2] Memo. Contra, Doc. No. 43, at 7. "The material has been copyrighted as shown by the registration that has already been provided to the Court." *Id.*, at 1. "The allegation is that the material was copyrighted, the copyright registration has been produced, the registration was accepted by the Copyright office, . . . ." *Id.*, at 3.

Two types of challenges can be made to a court's exercise of subject matter jurisdiction: facial challenges and factual challenges. *Golden v. Borno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005). Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [Plaintiff's] complaint are taken as true for purposes of the motion.'" *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Cherryhill's arguments, however, present ***factual*** challenges. Because factual challenges attack "the factual basis for jurisdiction, the district court must weigh the evidence and the ***plaintiff has the burden of proving*** that the court has jurisdiction over the subject matter." *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d , 537 (6th Cir. 2007)(emphasis supplied). Attacks on the sufficiency of deposits supporting copyright registrations are factual challenges. The First Circuit Court of Appeals might have been writing to Libertas when it said:

> [T]he parties should submit evidence, much as they would for a summary judgment motion, and the court should determine whether the dispute over the origins and validity of the deposit copy implicates the merits of the plaintiff's claim. In most cases involving a dispute as to the bona fide nature of the deposit copy, as is true here, the jurisdictional question should not implicate the merits because the physical process by which that copy was created is distinct and independent from the creative content and originality of the work (the question underlying copyrightability).

*Torres-Negron v. J&N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007).

### C. Libertas is not afforded any presumption of validity on its deposited work.

Plaintiff argues that "[t]here was no impropriety in filing the copyrighted material that is in question in this case because the Copyright Office reviewed the application and deposit and issued the registration without objection or comment. An

3

issued registration is presumptively valid." Memo. Contra, Doc. No. 43, at 4.

A copyright registration is not entitled to a presumption of validity when an incomplete or reconstructed work is deposited and the applicant belatedly admits that the deposit was incomplete. "The Copyright Act does not contemplate the copyrighting of a now non-existent original on the basis of a tendered reconstruction [because] if it were otherwise, the possibilities for fraud would be limitless." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1986), *cert. denied*, 484 U.S. 1316, 1322 (1987).

Any presumption Plaintiff may have enjoyed at the outset of this case has been destroyed by Cherryhill's evidence. 17 U.S. Code §410(c). In an infringement action, Defendants "may rebut the presumption by showing . . . that the plaintiffs had not properly deposited their compositions with the Copyright Office." *Broadcast Music, Inc. v. Rockingham Venture, Inc.*, 909 F.Supp. 28, 43 (D. N.H. 1995). Plaintiff must offer proof that its registration is proper. Cherryhill submits that Plaintiff's admissions and inconsistent assertions prevent it from making that showing. If the Court considers otherwise, the Court should conduct a hearing to afford Libertas the opportunity to present evidence sufficient to convince this Court it has jurisdiction.

**III. Plaintiff's registration—rendered illegible and defective by opaque diagonal redactions—cannot be cured by the belated claim that the software contained a trade secret.**

In its initial memorandum, Defendants showed that Libertas failed to meet the statutory requirements under 17 U.S. Code for depositing a work that was not the "best edition" because it was redacted in a manner that rendered it indecipherable, as evident from this excerpt:

4



In an effort to avoid dismissal under §411(a), Plaintiff admits that the "Defendants have provided a copy of the document that is on file with the Copyright office," but argues that Defendants "have failed to inform the Court of the proper procedure for filing copyrighted material that is a trade secret." Memo. Contra, Doc. No. 43, at 1.

First of all, this trade secret claim is news to Cherryhill. Cherryhill has been taking Libertas at its word that its trade secret was in its "***non*-Cherryhill Software.**" Paragraph 48 of their Amended Complaint states precisely that.[3] Libertas on the one hand admonishes Cherryhill that "the facts are to be accepted as true as they are alleged in the Complaint,"[4] when Libertas is the party that has completely reinvented its copyright registration story to try to avoid dismissal. Libertas would not have to complain about why it has taken them nearly two years to "actually get to be heard on

---

[3] Cherryhill and Schwartz acquired and upon information and belief are using components of ***Non*-Cherryhill Software** that constitute trade secrets of Libertas knowing that it was acquired by improper means, and therefore misappropriated trade secrets of Libertas." Amended Complaint, ¶48 (emphasis supplied).

[4] Memo. Contra, Doc. No. 43, at 3.

the merits of this case"[5] if they had done their homework at the outset. The cause of this delay cannot be laid at Cherryhill's door. Jurisdiction must be established before the case can proceed. Plaintiff is solely responsible for the failings that deprive this Court of jurisdiction over the federal—and by extension—the state claims.

### A. Plaintiff should not be permitted to assert a trade secret as a matter of law.

As noted above, Plaintiff made no allegation in the Complaint that the Cherryhill Software contained a trade secret. Plaintiff should not—in defending a motion on the pleadings—be allowed to assert in argument the unsupported assertion that is not in those pleadings. Permitting Plaintiff to assert this theory now is particularly inappropriate because it squarely contradicts the facts recited in its own Complaint. Further, Plaintiff persuaded the Court to deny Defendants' motion to dismiss in part on the basis that the trade secret material was not in the Cherryhill Software.[6] As such, Plaintiff should be judicially estopped from asserting a contradictory theory to avoid dismissal here.

Even if Plaintiff were not changing its story in mid-stream, its notion of trade secret is untenable as a matter of law. Kentucky defines "trade secret" as

> "information, including a formula, pattern, compilation, ***program***, data, device, method, technique, or process, that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, ***and*** (b) Is the subject of ***efforts that are reasonable under the***

---

[5] *Id.*
[6] "It also included Libertas data which constitutes copyrighted material and/or trade secrets of Libertas which Schwartz had obtained access to while performing work for clients of Libertas other than Cherryhill (Non-Cherryhill Software)." Report and Recommendation, Doc. No. 15, at 3.

***circumstances to maintain its secrecy*."

Kentucky Revised Statute §365.880(4)(emphasis added). The Ohio definition is similar.[7]

Plaintiff's Amended Complaint is devoid of any allegations that the Cherryhill Software contains anything that satisfies this definition. Further, the Amended Complaint is silent as to any "reasonable measures" that Plaintiff took to preserve the secrecy of these materials. On the contrary, Plaintiff's Amended Complaint makes statements that are irreconcilable with the notion that the Cherryhill Software contained a trade secret. Plaintiff cannot put trade secrets into software it develops for Cherryhill—without any licensing agreement—and simultaneously maintain that it has safeguarded the secret from disclosure to the public. On an even more basic level, though, there is no plausible argument that every line of code—including boilerplate commands found in every program—constitute trade secrets. Plaintiff's suggestion is frivolous.

**B.     Even if Plaintiff has a trade secret, the registration is still defective because Plaintiff failed to follow regulations governing the registration of software containing a trade secret.**

Libertas "trade secret" claim is a transparent after-the-fact effort to explain why the work it deposited was impermissibly incomplete and completely unintelligible.

---

[7] (D) "'Trade secret' means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following: (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Ohio Revised Code §1333.61(D).

7

Libertas is right when it says the "Copyright Office has also provided specific guidance on registering computer programs that contain trade secrets . . . ."[8] Libertas offers nothing, however, to demonstrate its compliance with those laws.

Plaintiff has offered no evidence to show that in fact elected to deposit a work that conformed to any of the three options under 37 CFR §202.20(c)(vii)(A)(2) to secure protection.  First, Libertas could have deposited the first 10 pages and last 10 pages of source code without any blocked-out portions.  Second, Libertas could have deposited the first 25 pages and last 25 pages of object code, together with 10 or more consecutive pages of source code with no blocked-out information.  Third, Libertas could have deposited the first 25 pages and last 25 pages of source code with ***only*** the trade secret portions blocked out.  Plaintiff did none of these things.

Instead, Plaintiff violated the pertinent rules in at least 8 ways.

> ●Libertas' submission to the Copyright Office failed to "include a cover letter stating that the claim contains trade secrets."  Memo. Contra, Doc. No. 43, at 6, quoting Copyright Office Circular 61[9]; *Third Party Verification, Inc. v. Signaturelink, Inc.*, 2007 U.S. Dist. LEXIS 32238, at *18, Case No. 6:06-cv-415-Orl-22DAB (M.D. Fl. 2007).
>
> ●Libertas failed to include an accompanying letter explaining the multiple copyright dates in the Deposited Work.  Circular 61, at 3.
>
> ●Libertas failed to file a "Limitation of Claim" enabling the Copyright Office to determine if "the particular program is a revised or derivative version."  Circular 61, at 3.
>
> ●Libertas redacted copyright information in the deposited work, thereby failing to file all pages containing copyright notices and copyright dates without any portions blocked out, in violation of 37 CFR § 202.20(c)(vii)(A)(2)[10]; *see also* Circular 61, at 3.

---

[8] Memo. Contra, Doc. No. 43, at 5.

[9]  A copy of Circular 61 is attached for the Court's convenience at **Exhibit A**.

[10]  A copy of pertinent sections of the Code of Federal Register is attached for the Court's

●Libertas improperly used diagonal lines to obscure the entire work when the Copyright Office instructs depositors to only block-out individual characters "with 'XXXXX's or blank spaces." Copyright Office publication, "Deposit requirements,"[11] *see also* 37 CFR § 202.20(c)(vii)(A)(2); Circular 61.

●By using diagonal lines, Libertas effectively blocked out the entire document. By rendering every line illegible, Libertas failed to deposit a work that included proportionately more unredacted material, in violation of 37 CFR § 202.20(c)(vii)(A)(2); *see also* Circular 61, at 3.

●Libertas improperly blocked-out portions of the deposit that could not possibly constitute trade secrets, in violation of 37 CFR §202.20(c)(vii)(A)(2), which permits only "the trade secret portions [to be] blocked-out."

● By using diagonal opaque lines on every page of the Deposited Work, Libertas failed to reveal "an appreciable amount of original computer code" without any redactions, in violation of 37 CFR §202.20(c)(vii)(A)(2); *see also* Circular 61, at 3.

●Libertas failed to include "a statement inserted where each deletion is made" stating the number of characters redactions and the reason for redaction. Copyright Office publication, "Deposit requirements"; *see also* 37 CFR § 202.20(c)(vii)(A)(2); Circular 61.

Libertas, however, never satisfied the prerequisites to use this exception to the best edition rule. Plaintiff's copyright registration remains defective and this Court lacks jurisdiction.

**IV.     Plaintiff's registration—rendered defective by the deposit of a work that was neither complete nor final—cannot be cured by the belated claim that Plaintiff was prevented from filing a proper work.**

The law requires the copyright applicant to deposit "one complete copy." 17 U.S. Code §408(c)(1). In its memorandum, Plaintiff highlighted a portion of the Copyright Office Circular 61 as follows:

---

convenience at **Exhibit B**.

[11] A copy of the pertinent Copyright Office guidance, available online at http://www.copyright.gov/eco/help-deposit.html#revised, is attached for the Court's convenience at **Exhibit C**.

> **First 25 and last 25 pages of source code with portions containing trade secrets blocked out, or**

Plaintiff therefore concedes that the Deposited Work is not complete, inasmuch as it contains only the first and last 25 pages.[12] Plaintiff's failure to comply with the other requirements for filing a work that contains trade secrets, however, renders this excuse unavailable.

Moreover, Plaintiff admits that "final versions of the material that may not be accessible to the Plaintiff at this time." Memo. Contra, Doc. No. 43, at 4. Plaintiff's registration is therefore invalid because an incomplete work cannot be deposited.

> "In sum, we conclude that a reconstruction, created without first-hand access to the original, cannot constitute a 'copy' sufficient to satisfy the deposit copy requirement in 17 U.S. Code § 408(b). Submission of a reconstruction with a copyright registration application results in an incomplete application, thus rendering the federal courts without jurisdiction over a copyright infringement claim.

*Torres-Negron v. J&N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007).

Libertas now asserts for the first time in the 21 months of this litigation that it is unable to register the complete work because of some act of Defendant Todd Schwartz.[13] As we are not on summary judgment, we can ignore the question of how Schwartz's

---

[12] We note in passing that the deposited work was 61 pages long, which seemingly precludes any conclusion that Libertas deposited the first and last 25 pages. Further, Libertas is careful to avoid stating that the deposited work was in fact the first and last 25 pages of their software. Instead, Libertas merely highlights this portion of the Copyright Circular and leaves us to draw our own conclusions.

[13] "This act by Schwartz destroyed Plaintiff's versions of the derivative works of the copyrighted material and final versions of the material that may not be accessible to the Plaintiff at this time. The registration of the copyright shows the material that was developed that is in the possession of the Plaintiffs. Schwartz destroyed the final version of the work that was on the Plaintiff's computer, keeping it for the Defendants in violation of his contract and in violation of copyright law." Memo. Contra, Doc. No. 43, at 4.

resignation in October 2010 hindered Libertas' access to a software program that it told the Copyright Office was completed in 2009. At this juncture, we need only remember that copyright applicants cannot justify filing an incomplete Deposited Work on a third party's actions, even if the alleged infringer obstructs the applicant's access to the completed work. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) (Registration was invalid and no presumption of validity existed where Plaintiff recreated drawing from memory because Defendant allegedly destroyed original drawing); *Tavory v. NTP, Inc.*, 495 F.Supp.2d 531 (E.D. Va. 2007) ("Tavory's deposit copy is insufficient as a matter of law [because it] is admitted that no original copies of the source code dating from 1990 remain."); *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002) ("Since Coles failed to retain a copy of his 1982 recording, he could not satisfy the deposit requirements of §408").

To register an incomplete work, Libertas could have followed one of two alternate procedures. First, Libertas could file a standard application for copyright registration and deposit an incomplete copy with full disclosure to the Copyright Office. When the Register refused the application, Libertas could have brought an action for infringement provided he gave notice and a copy of the complaint to the Register of Copyrights. 17 U.S. Code §411(a). The Register would then have had 60 days to join the action; if the Register failed to participate in the case, the Court would still have jurisdiction. *Id.* Alternatively, Libertas could submit a registration application under the "Rule of Doubt." Under that Rule, the applicant makes a special Registration that does not make any representation as to the validity of the underlying copyright. Circular 61, at 2. To take advantage of the Rule of Doubt, however, the applicant must file a separate writing with the Copyright Office explaining the omission and stating that the missing work

11

"contains copyrightable authorship." *Id.*

Libertas, however, did neither of these things. Consequently, the fact that its Deposited Work is neither final nor complete makes its registration invalid. Because the registration is invalid, this Court lacks jurisdiction over the only federal claim.

## V. Conclusion

For the foregoing reasons, Libertas' Amended Complaint must be dismissed. The copyright infringement claims must be dismissed with prejudice; its state-law claims should be dismissed without prejudice.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky 41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants Cherryhill Management, Inc., and Todd Schwartz

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 17th day of September, 2012, to all counsel of record.

/s/ Matthew D. Hemmer
Matthew D. Hemmer