UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| LIBERTAS TECHNOLOGIES, LLC, | : | Case No. 1:10-CV-935 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | DEFENDANTS' REPLY TO |
| | : | PLAINTIFF'S MEMORANDUM |
| CHERRYHILL MANAGEMENT, | : | OPPOSING THEIR JOINT MOTION |
| INC., *et al.*, | : | FOR AN ORDER ISSUING A |
| | : | REQUEST TO THE REGISTER OF |
| Defendants. | : | COPYRIGHTS PER 17 U.S. CODE |
| | : | §411(B)(2) AND FOR IMPOSITION |
| | : | OF A STAY PENDING THE |
| | : | RESPONSE THERETO |

Defendants Cherryhill Management, Inc., and Todd Schwartz (collectively "Cherryhill"), moved this Court per 17 U.S. Code §411(B)(2) to issue a request for advice to the Register of Copyrights. The defects in Plaintiff's registration trigger the Court's statutory obligation to seek this advice. Plaintiff's memorandum opposing this motion offers no analysis—nor could it. Instead, Plaintiff makes only conclusory remarks: "There is no need to . . . seek the advice of the Copyright Office - we have what we need . . . ."[1] While Plaintiff may think it has what it needs, neither the Court nor Defendants have what they need. The Court still lacks a prima facie showing of jurisdiction; Defendants still lack a clean copy of the document that would tell them what claim they are supposed to be defending.

Plaintiff argues simply that because the "Copyright Office appropriately registered the material[,] the Defendants' argument should be rejected." Memo. Contra, Doc. No. 43, at 6. This argument is circular because the Copyright Office has issued a

---
[1] Memo. Contra, Doc. No. 43, at 7.

registration in *every* case where advice is sought. If registration alone defeated a §411(B)(2) motion, the statute would be meaningless, advice would never be obtained, and the congressional purpose would be frustrated. Plaintiff's argument reflects a fundamental misunderstanding of the copyright registration process. In the context of registration applications, the Copyright Office merely serves as a depository. There are not enough hours in the day to allow administrative officers to independently evaluate the contents of each work deposited with the Copyright Office. For that reason, the sufficiency of the deposited work is not entitled to any presumption of validity or completeness. If the deposited work is incomplete, invalid, or inappropriate, the application for registration was incomplete, the presumption of validity never arose, and federal jurisdiction was never conferred. *See Torres-Negron v. J&N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007) ( "omission of a proper deposit copy with a copyright application renders the registration invalid and eliminates the federal courts' subject matter jurisdiction over an infringement claim").

In a larger sense, Plaintiff's opinions about the legitimacy of its registration are irrelevant in the context of a motion under §411(B)(2). Unlike the pending motion under Rule 12, in which Plaintiff is entitled to some factual inferences, the application of §411(B)(2) depends on Defendants' allegations, not Plaintiff's. Defendants' allegations pertaining to the inaccuracies in the registration are controlling. Advice is statutorily required.

Ironically, Plaintiff's memorandum strengthens Cherryhill's already compelling motion. The Court will recall that Cherryhill alleges that the work Plaintiff deposited with the Copyright Office was not the best edition of the work. Specifically, the diagonal black lines Libertas superimposed over the software make the deposited work illegible.

For that reason, the deposited copy was an inaccurate depiction of the work, as shown in the excerpted image below.



Desperate to avoid dismissal of its Complaint on grounds that it's registration was defective on its face, Plaintiff now—21 months into the lawsuit—changes its story. Libertas makes assertions that were absent from—or contradict statements in—the original Complaint.  In the interest of brevity, Cherryhill will not repeat the newly discovered procedural defects in Plaintiff's registration relating to alleged trade secrets, completeness, and finality.  Suffice it to say that Libertas' admissions and assertions create additional reasons why the advice of the Copyright Office must be sought.  In the final analysis, it doesn't matter whether the registration is invalid because of its incompleteness, its lack of finality, inaccuracies about its authorship, mistakes about the copyright date, the absence of an explanatory cover letter, the improper redaction of material not a trade secret, the failure to leave an appreciable portion of the work unredacted, or some other reason.  The point here—which Libertas never addresses—is that these kinds of issues mandate the referral of these questions to the Register of Copyright.

    Because Plaintiff's memorandum creates additional questions regarding the legitimacy of the registration, Defendants have revised their proposed Order to include a

request for advice regarding the consequences of these perceived defects. A copy of that proposed request is attached.

As the Court is statutorily required to seek the advice of the Copyright Office, Defendants asked the Court to invoke its inherent power to "stay proceedings . . . to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co., Inc.,* 299 U.S. 248 (1936). In response, Plaintiff stated simply "there is no need to stay these proceedings"[2] without offering any analysis. Plaintiff laments that this "case was filed at the end of January 2010." As we approach the two year anniversary of that date, we are confronted with yet another motion filed by the Defendants seeking to avoid the orderly process of this case. Memo. Contra, Doc. No. 43, at 2. The responsibility for this delay rests squarely with Libertas. Had Plaintiff registered it work properly, this Court would not have questions about its jurisdiction.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky 41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants Cherryhill Management, Inc., and Todd Schwartz

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was served via the Court's

---

[2] Memo. Contra, Doc. No. 43, at 7.

4

electronic filing system, this 17th day of September, 2012, to all counsel of record.

>/s/ Matthew D. Hemmer
>Matthew D. Hemmer