UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTAS TECHNOLOGIES, LLC,
    Plaintiff

Case No. 1:10-cv-935
Dlott, J.
Litkovitz, M.J.

vs

CHERRYHILL MANAGEMENT, INC., et al.,
    Defendants

ORDER

This matter is before the Court on defendants' motion for leave to require plaintiff to file a more definite statement (Doc. 64), to which plaintiff has not responded.

Defendants seek an order requiring plaintiff to "provide details regarding the precise character of the work or works it claims have been infringed, the manner in which the infringement was accomplished, and the exte nt to which the copyrighted work contains trade secrets of Libertas and/or Cherryhill." (Doc. 64 at 5).

Rule 12(e) permits a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. Under the Federal Rules:

> [P]leadings are to be construed liberally to do substantial justice. So, although [Rule 12(e) motions] come within the court's discretion, courts grant the motions sparingly. Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than a lack of detail. Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery. . . . In the presence of proper,

> although general allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

2 Moore's Federal Practice, § 12.36 (3d ed. 2003). *See also Fed. Ins. Co. v. Webne*, 513 F. Supp.2d 921, 924 (N.D. Ohio 2007) (motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail and should not be used as a substitute for discovery).

The Court finds plaintiff's complaint is not so vague, ambiguous, or unintelligible that defendants cannot reasonably be expected to respond to it. Under Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain a "short and plain statement" that the pleader is entitled to relief. The complaint cites specific facts forming the basis of plaintiff's claims against defendants. Because the Federal Rules require only notice of the claims with the details to be provided by discovery, plaintiff's complaint gives fair notice of the nature of its claims against defendants to allow a responsive pleading to be framed. The details sought by defendants are more appropriately obtained through pretrial discovery devices. Therefore, defendants' motion for a more definite statement is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/6/12

Karen L. Litkovitz, Magistrate Judge
United States District Court

2