**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LIBERTAS TECHNOLOGIES, L.L.C., Plaintiff | Case No. 1:10-cv-935<br>Dlott, J.<br>Litkovitz, M.J. |
| vs | |
| CHERRYHILL MANAGEMENT, INC., et al., Defendants | **ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on (1) defendants' joint motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 38), plaintiff's opposing memorandum (Doc. 43), and defendants' reply memorandum in support of their motion for judgment on the pleadings (Doc. 44), and (2) "Defendants' Joint Motion for an Order Issuing a Request to the Register of Copyrights Per 17 U.S.C. § 411(B)(2)[1] and for the Imposition of a Stay Pending The Response Thereto" (Doc 39), plaintiff's opposing memorandum (Doc. 43), defendants' reply memorandum in support of the motion (Doc. 45), and defendants' motion to amend/correct the proposed order attached to their joint motion to seek advice from the Register of Copyrights. (Doc. 50). The undersigned held oral argument on the motions on October 22, 2012.

## I. Procedural Background

Plaintiff Libertas Technologies, L.L.C. (Libertas) brings this action for copyright infringement and various state law violations against its former employee, Todd Schwartz, and Cherryhill Management, Inc. (Cherryhill). Jurisdiction is premised on 28 U.S.C. § 1338, which grants the district courts original jurisdiction over copyright cases. The Court has elected to

---

[1]The correct statutory citation is 17 U.S.C. § 411(b)(2).

exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiff's state law claims. (*See* Doc. 35).

Plaintiff Libertas filed the original complaint in this action on December 27, 2010. (Doc. 1). Libertas was subsequently granted leave to amend the complaint to accurately reflect the registration of the copyright for the material at issue in this lawsuit. (Doc. 18). Libertas filed an amended complaint with a copy of the registration attached. (Doc. 22, Exh. D). The allegations of the original and amended complaints are virtually identical, with the following exceptions:

- Plaintiff alleged in the original complaint that from January 2005 through on or around October 11, 2010, it developed various components of software for use in Cherryhill's business pursuant to an agreement with Cherryhill and ultimately developed "a management interface to integrate individual software components into an integrated unit" (the "Cherryhill Software"). (Doc. 1, ¶¶ 5, 6). In the amended complaint, plaintiff substituted the word "dashboard" for interface. (Doc. 22, ¶ 6).

- Plaintiff added an allegation in the amended complaint that the copyright for all software, including all written code, that was developed for the Cherryhill Software has been registered with the United States Copyright Office as number TXu 1-688-153, effective November 5, 2010. (*Id.*, ¶ 7).

In the amended complaint, plaintiff presents the same claims that it raised in the original complaint: copyright infringement under federal law (Count 1) and state law claims for tortious interference with contract (Count 2), tortious interference with a business relationship (Counts 3, 4), misappropriation of trade secrets (Count 5), conversion (Count 6), replevin (Count 7), and civil conspiracy (Count 8). (*Id.*, ¶¶ 27-63). As relief, Libertas seeks actual and compensatory damages, punitive or treble damages, replevin of its property, and preliminary and permanent injunctive relief.

Defendants moved to dismiss plaintiff's federal copyright claim on the grounds the work is not copyrightable and plaintiff cannot bring an action against an owner of a copy of a computer

program who modifies or uses the program but does not sell it. (Doc. 24). In the event the Court chose to exercise supplemental jurisdiction over the state law claims, defendants moved to dismiss those claims for failure to state a claim for relief. (*Id.*). The Court issued an Order on July 18, 2012, denying the motion to dismiss plaintiff's copyright infringement claim under 17 U.S.C. § 411 (Count 1); electing to exercise supplemental jurisdiction over plaintiff's state law claims (Counts 2-8); granting the motion to dismiss plaintiff's claim for civil conspiracy (Count 8); granting in part and denying in part the motion to dismiss plaintiff's claims for conversion and replevin (Counts 6, 7); and denying the motion to dismiss plaintiff's claims for tortious interference with contract and business relationships and misappropriation of trade secrets (Counts 2-5). (Doc. 35).

On August 1, 2012, defendants filed an answer to the amended complaint and a counterclaim against Libertas, alleging that Libertas filed a false application with the Register of Copyrights. (Doc. 37 at 12-23). In support of their counterclaim, defendants allege the following facts: Cherryhill is an Ohio corporation that operates three thrift stores in Ohio. (Doc. 37, ¶ 5). Libertas is an Ohio limited liability company that provided computer coding services to Cherryhill. (*Id.*, ¶ 6). Schwartz is a former Libertas at-will employee or independent contractor who serviced the Cherryhill account. (*Id.*, ¶ 7). Schwartz resigned his position at Libertas and accepted employment with Cherryhill. (*Id.*). Libertas had a limited role with Cherryhill that consisted of typing code for the company, and Cherryhill designed the "Cherryhill Software" as Libertas was not familiar with the mechanics of the thrift store business and could not design effective programs to manage Cherryhill's business. (*Id.*, ¶ 8). Cherryhill designed the software functions and input to implement the electronic use of paper forms that Cherryhill had used in the

business for decades. (*Id.*, ¶ 9). Cherryhill supplied a management representative to ensure that Libertas correctly typed the code to implement Cherryhill's design. (*Id.*, ¶ 10). In essence, Cherryhill created the system and Libertas copied it into another medium. (*Id.*). Cherryhill paid hundreds of thousands of dollars to Libertas with the expectation of receiving all rights and title, including copyright, in the software typed by Libertas. (*Id.*, ¶¶ 32, 33).

Based on these allegations, defendants bring a counterclaim for improper registration under 17 U.S.C. "§ 411(B)"[2] (Count V). They claim Libertas knowingly misrepresented information relating to the "Driver Unload Program" (the title of the deposited work) in its application for copyright registration number TXu1-688-153, including the completion date and the authors of the deposited work. (*Id.*, ¶¶ 36, 37). They allege that while Libertas states in the application that the Driver Unload Program was completed in 2009, the deposited work accompanying that application was not created in 2009 but on information and belief, Libertas employees "cobbled together the deposited work from various non-functioning code segments into a single document sometime in late 2010." (*Id.*, ¶ 37). Defendants assert that under 17 U.S.C. § 411(b)(2), Cherryhill is entitled to advice from the Register of Copyrights informing the court that the inaccurate information described in the counterclaim, if known, would have caused the Register of Copyrights to refuse Libertas's registration. (*Id.*, ¶ 38). Defendants further contend that due to Libertas's knowing misrepresentations in the copyright registration application, Libertas has not satisfied the jurisdictional requirements under 17 U.S.C. § 412 for bringing a copyright infringement action.[3] (*Id.*, ¶ 39).

---

[2]This is an apparent reference to § 411(b).

[3]Section 412 provides that the registration of a copyright is a prerequisite to certain remedies for infringement.

Defendants also bring a counterclaim for abuse of process (Count VI). Defendants allege that Libertas "set its copyright registration in motion in improper form and without probable cause." (*Id.*, ¶ 41). Defendants allege that Libertas knew that the deposited work attached to its application for copyright registration was not the Cherryhill Software as described in the complaint and that Libertas attempted to conceal the true nature of the deposited work by marking the printout of the deposited work with thick black lines which made the printed document illegible. (*Id.*, ¶¶ 42, 43). Defendants assert that Libertas thereby "maliciously sought to interfere with Cherryhill's business, extort improper payments from Cherryhill, maliciously intimidate Schwartz, interfere with Schwartz' employment at Cherryhill, interfere with intellectual property rights to which Libertas has no claim, and wrongfully manipulate [17 U.S.C. § 412] to obtain federal jurisdiction over purely state law claims between citizens of the same state." (*Id.*, ¶ 44). Defendants contend that because these ends are "collateral advantages" that are not properly involved in the copyright registration procedure, Libertas has wrongfully used the copyright registration process as a weapon against defendants and defendants have been damaged as a result. (*Id.*, ¶¶ 44, 45).

Defendants also bring counterclaims for promissory estoppel under state law (Count VII), declaratory judgment under 28 U.S.C. § 2201 (Count VIII), and punitive damages (Count IX).

On the same date that defendants filed their answer and counterclaims to the amended complaint, defendants filed their joint motion for judgment on the pleadings. (Doc. 38). Defendants argue that the facts alleged in the amended complaint, their answer, and the public filings with the United States Copyright Office demonstrate that Libertas failed to properly register its copyright, which defendants assert is a jurisdictional prerequisite to any claim

Libertas wishes to pursue in this court. Defendants contend that absent a federal claim, this Court must dismiss the remaining state law claims without prejudice.

Defendants filed their motion for an order issuing a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) and for the imposition of a stay on August 15, 2012. (Doc. 39). Defendants assert that the Court must make the request under 17 U.S.C. § 411(b)(2) because Libertas's copyright registration application purportedly contains inaccurate information, thereby triggering the statute's applicability.

Plaintiff opposes both motions. Plaintiff agues based on the allegations of the amended complaint and the copyright registration that the material in question has been properly copyrighted under the procedures for registering a computer program and copyrighted material that contains trade secrets. (Doc. 43 at 4-6, citing Copyright Office Circular 61, "Copyright Registration for Computer Programs," www.copyright.gov/circs/). Plaintiff contends the copyright is presumptively valid under 17 U.S.C. § 410, and defendants' argument that the registration was improper is premature. Plaintiff further asserts that defendants' argument that the copyright is improper because the copyrighted material is not the work described in the complaint is based on facts outside the amended complaint and cannot be resolved on a motion for judgment on the pleadings. Finally, plaintiff contends that the information presently before the Court shows there is no need for the Court to seek the advice of the Copyright Office or to impose a stay.

In reply, defendants argue that the Court lacks jurisdiction over this matter because

plaintiff failed to register the software described in the complaint.[4] Defendants argue that because the defects in the registration arise from the deposited work and not the registration application, the registration is not entitled to the presumption of validity normally afforded under § 410(c). Defendants further contend that the registration is not entitled to a presumption of validity because the registration was incomplete as demonstrated by plaintiff's own admission and inconsistent assertions. Defendants further argue that plaintiff should not be permitted to assert at this stage of the case that the copyrighted material contains a trade secret, so as to excuse plaintiff from depositing "one complete copy" as required under § 408 and "the best edition" of the work. Defendants contend that plaintiff did not plead a trade secret in the amended complaint, the amended complaint does not include any allegations to show that the statutory definition of trade secret under state law is satisfied, and even if the material contains a trade secret, plaintiff did not comply with the regulations governing the registration of software containing a trade secret. Finally, defendants argue that plaintiff cannot excuse its failure to file a complete work by arguing that it was prevented from doing so by an act of Schwartz because plaintiff did not follow the proper procedures for filing an incomplete work.

[4]Defendants contend in their reply that the Court must weigh the evidence and determine whether plaintiff has carried its burden to prove that the Court has jurisdiction over the subject matter of the suit because the challenge to the validity of the registration is a factual challenge to the Court's subject matter jurisdiction. (Doc. 44 at 3). However, the challenge to the validity of the registration is not a jurisdictional challenge. *See infra*, p. 8. Furthermore, at the hearing on this matter, defendants' counsel confined his presentation of the facts to those alleged in plaintiff's pleadings and the representations made by plaintiff's counsel, and counsel presented no evidence at the hearing. (*See* Doc. 63, Transcript of 10/22/12 hearing). Accordingly, the Court's review for purposes of the motion for judgment on the pleadings is limited to the pleadings, which the Court has considered in light of counsel's arguments.

## II. Motion for judgment on the pleadings pursuant to Rule 12(c)

### A. Standard of review

Fed. R. Civ. P. 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial. . . ." A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court construes the complaint in the light most favorable to the plaintiff, accepting its allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Brown v. Cassens Transport Co.*, 675 F.3d 946, 953 (6th Cir. 2012) (citing *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011)). To avoid dismissal, the plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal "may be granted only if the moving party is . . . clearly entitled to judgment," even after taking as true the allegations of the nonmoving party. *Brown,* 675 F.3d at 953 (citing *Poplar Creek*, 636 F.3d at 240).

### B. Copyright infringement law

A federal copyright infringement claim has two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). *See also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting *Stromback v. New Line Cinema,* 384 F.3d 283, 293 (6th Cir. 2004)). Title 17 U.S.C. § 411(a) provides that an action for infringement shall not be brought until a copyright claim has been preregistered or registered in

accordance with that title. Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim, but the requirement is not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010). Accordingly, a plaintiff's failure to comply with the registration requirement does not divest the federal courts of subject matter jurisdiction over a copyright infringement claim. *Id.* at 1241.

To properly register a claim of copyright, an applicant must submit a completed application form, the statutory fee, and an appropriate deposit of the copyrighted work. *Third Party Verification, Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *4 (M.D. Fla. 2007) (citing *Data General Corp. v. Grumman Systems Support Corp.*, 825 F. Supp. 340, 356 (D. Mass 1993) (citing 17 U.S.C. § 408(a)). Section 408(b)(1) states that in the case of an unpublished work, the material deposited for registration shall include one complete copy. For unpublished computer programs, such as the software at issue here[5], the deposit shall consist of "one copy of identifying portions of the program, reproduced in a form visually perceptible without the aid of a machine or device, either on paper or in microform. . . ." 37 C.F.R. § 202.20(c)(2)(vii)(A). If the program consists of more than 50 pages, "identifying portions" means: "(1) The first and last 25 pages . . . of the source code[6]. . . ." together with the page containing the copyright notice. 37 C.F.R. § 202.20(c)(2)(vii)(A)(1). *See also Quinn v. City of Detroit*, 988 F. Supp. 1044, 1052 (E.D. Mich. 1997).

---

[5]*See* Doc. 28, p. 8 - according to the allegations of the amended complaint, which must be accepted as true on a motion to dismiss, plaintiff has never published the software.

[6]"Source code" is a computer language written by a computer programmer that uses a combination of words, symbols and numbers that are meaningful to a trained programmer. *Data General Corp.*, 825 F.Supp. at 354. The language, which can be read by humans, is translated into an object code that is readable by a computer. *Mitek Holdings, Inc. v. Arce Engineering Co.*, 89 F.3d 1548, 1556 n. 15 (11th Cir. 1996).

Where the source code contains trade secrets, the process for registering a copyright is more involved and requires the applicant to file:

> . . . the page or equivalent unit containing the copyright notice, if any, plus one of the following: the first and last 25 pages or equivalent units of source code with portions of the source code containing trade secrets blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and the deposit reveals an appreciable amount of original computer code; or the first and last 10 pages or equivalent units of source code alone with no blocked-out portions; or the first and last 25 pages of object code, together with any 10 or more consecutive pages of source code with no blocked-out portions; or for programs consisting of, or less than, 50 pages or equivalent units, entire source code with the trade secret portions blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and the remaining portion reveals an appreciable amount of original computer code. . . .

37 C.F.R. § 202.20(c)(2)(vii)(A)(2); *see also* Copyright Office Circular 61, "Copyright Registration for Computer Programs," which directs applicants in accordance with these requirements. In addition, where a computer program contains trade secret material, Circular 61 instructs the applicant to include a cover letter stating that the claim contains trade secrets.

In judicial proceedings, "the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once a presumption of validity is established, the party challenging the copyright has the burden to rebut the presumption. *See Hi-Tech Video Productions, Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995) (citing *Gates Rubber Co. v. Bando Chem. Industries, Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993)). To rebut the presumption of validity, the defendant "must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (citation omitted). In *United Fabrics*, the district court dismissed the case *sua sponte* at the summary judgment

stage for lack of standing on the ground the plaintiff had not established ownership of a valid copyright. In reversing the district court's decision, the appellate court determined that the presumption of validity analysis applied to the defendant's argument that the plaintiff's copyrighted fabric design was not deposited with the Copyright Office. *Id.* at 1258. The court found that the defendant had "skip[ped] a step" by arguing that the plaintiff had the burden to prove it complied with the Copyright Act in order to have standing to sue, stating that the defendant first needed to rebut the presumption of validity with "some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement" before the burden of proof shifted to the plaintiff to show it had complied with the Copyright Act. *Id.* (internal citation omitted). The court determined that because the defendant did not offer such proof, its argument that the deposit was insufficient had to fail, at least at that stage of the case. *Id.* (citing *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) (a challenge to the deposit made with the Copyright Office did not defeat the presumption of validity).

**C. Defendants' Rule 12(c) motion should be denied.**

In their motion for judgment on the pleadings, defendants contend that this Court lacks jurisdiction over plaintiff's copyright infringement claim because the copyright registration is invalid. For the reasons discussed below, the Court finds that judgment on the pleadings is not warranted on the grounds asserted by defendants.

First, defendants contend that the Court lacks jurisdiction over plaintiff's copyright infringement claim because Libertas failed to register a copyright that relates to the work that is the subject of this infringement action as required under 17 U.S.C. § 411(a). Defendants concede that Libertas filed an application for copyright registration but argue the work deposited with that

application is completely unrelated to the Cherryhill Software. (Doc. 38 at 3). Defendants note that Libertas describes the Cherryhill Software in the amended complaint as "a dashboard to integrate individual software components into an integrated unit." (Doc. 22, ¶ 6). Defendants assert that the software attached to Libertas's registration (the "deposited work") never mentions a dashboard or software integration but instead is titled "Driver Unload Software" and is described as a "system for administration and monitoring of drivers with inbound product." (Doc. 38 at 4, citing Exh. A at 1). Defendants assert that the Driver Unload Software is therefore not the same work as the Cherryhill Software on which plaintiff's infringement claim is based. Defendants argue that because Libertas has not filed a copyright registration relating to the Cherryhill Software as required under § 411(a), plaintiff's amended complaint must be dismissed.

Plaintiff contends that the allegations of the amended complaint and the registration that has been provided to the Court (Doc. 14, Exh. 1) show that the copyrighted material is the work described in the amended complaint. Plaintiff relies on allegations in the amended complaint that in or around January 2005, it entered into an agreement to develop software for use in Cherryhill's business; from January 2005 through on or around October 11, 2010, it developed components of software for use in Cherryhill's business and ultimately developed a dashboard to integrate individual software components into an integrated unit; this software is the Cherryhill Software; Libertas owns the copyright to all software, including all written code, that was developed for the Cherryhill Software; this copyright has been registered with the United States Copyright Office as number TXu 1-688-153, effective November 5, 2010; and a copy of the registration is attached to the amended complaint as "Exhibit D." (Doc. 43 at 3, citing Doc. 22,

¶¶ 5-7). Plaintiff alleges that defendant Cherryhill has infringed upon its exclusive rights in and to its copyrighted works. (Doc. 22, Count 1). Plaintiff further contends that the registration previously provided to the Court (Doc. 14, Exh. 1) shows the material in question has been copyrighted.

Initially, the Court rejects defendants' argument that jurisdiction over plaintiff's infringement claim is lacking due to plaintiff's alleged failure to comply with the registration requirements of 17 U.S.C. § 411(a). Section § 411(a)'s registration requirement is not jurisdictional. *See Reed Elsevier, Inc.,* 130 S.Ct. 1237. Moreover, to place the burden on plaintiff at this stage of the case to prove it complied with the registration requirements of the Copyright Act by depositing the work described in the amended complaint would ignore the presumption of validity to which its copyright registration is entitled. *See United Fabrics*, 630 F.3d at 1258. Plaintiff has produced the copyright registration. (Doc. 14-1). As the Court previously determined in connection with defendants' motion to dismiss the amended complaint, the registration is entitled to the presumption of validity afforded unpublished works pursuant to 17 U.S.C. § 410(c). (*See* Doc. 35, Order adopting Report and Recommendation - Doc. 28, p. 8). Defendants have presented no evidence that would permit the Court to conclude at this juncture that the work plaintiff has deposited with the copyright application is not the material described in the amended complaint so as to rebut the presumption of validity. To the contrary, accepting the allegations of the amended complaint as true, as the Court must on a motion for judgment on the pleadings, the work that plaintiff has deposited and in which it claims a copyright is the material described in the amended complaint that defendant Cherryhill has allegedly infringed. Accordingly, defendants are not entitled to judgment on the pleadings on this ground. *Id.*

Defendants argue that even if Libertas applied for registration of the software on which it bases its amended complaint, dismissal of the amended complaint is nonetheless mandated because its copyright application is defective as a matter of law under 17 U.S.C. § 408 and United States Copyright Office Circular 7B. Defendants assert that pursuant to § 408, the applicant must deposit "one complete copy" of an unpublished work; any copy deposited as part of the registration application must be virtually identical to the original; and the copy must have been produced by directly referring to the original. (Doc. 38 at 4, citing *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002)). Defendants further allege that Circular 7B, which governs published works, requires that the copy must be the "best edition" of a work. (Doc. 38-2). Defendants contend that plaintiff has not deposited the most readable - and therefore the best edition - of the work because plaintiff has added "thick black diagonal lines" to the work it deposited. (Doc. 38 at 5, citing Doc. 38-1). Defendants argue that because plaintiff has submitted an incomplete or inadequate copy of the work, plaintiff cannot satisfy the jurisdictional prerequisites for a copyright infringement claim. (*Id.* at 5-6, citing *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151 (1st Cir. 2007) (in case involving reconstruction of a song, created from memory without first-hand access to the original, the court held on a post-trial Rule 50 motion for judgment as a matter of law that failure to deposit bona fide copy of work invalidated copyright registration); *Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) (court held on summary judgment that plaintiff had not fulfilled statutory requirements necessary to register its copyright and to claim ownership for purposes of copyright infringement claim where deposit was not a complete copy of the original source codes but instead consisted of later versions).

Plaintiff contends that the filing of the copyrighted material was not in any way

improper. Plaintiff alleges that by adding the diagonal lines to the deposited work, it properly redacted material from the document it filed with the registration application pursuant to Copyright Office procedures and specifically Circular 61, which permits redaction of 50% of any trade secret material so that it is not useful and the trade secret is preserved. (Doc. 43 at 1-2). Plaintiff asserts that the Copyright Office reviewed plaintiff's application and deposit and issued the registration without objection or comment so that the issued registration is presumptively valid under § 410. (*Id.* at 4-5).

Initially, for the reasons stated above, the Court rejects defendants' argument that the "best edition" and "complete copy" deposit requirements it cites are jurisdictional prerequisites for a copyright infringement claim.[7] *See Reed Elsevier, Inc.,* 130 S.Ct. 1237. Further, as explained above, plaintiff's copyright registration is entitled to the presumption of validity afforded a copyright registration under § 410(c). Accordingly, the burden is on defendants to come forward with some evidence to rebut the presumption of validity. Defendants have failed to come forward with proof at this stage of the proceedings to rebut the presumption of validity on the grounds asserted.

First, defendants have not rebutted the presumption of validity by showing plaintiff failed to comply with either the mandatory deposit requirement of § 408(c)(1) or with the "best edition" requirement of Circular 7B, "Best Edition of Published Copyrighted Works for the Collections of the Library of Congress." Circular 7B has no applicability here because that provision applies to

[7]Defendants implicitly concede at one point in their reply memorandum that there is a presumption of validity under § 410(c) afforded copyright registrations such as the copyright registration at issue in this matter. (Doc. 44 at 4). However, defendants effectively ignore the presumption by attempting to shift to plaintiff the burden to present evidence showing that its registration is proper and that the Court has jurisdiction over its infringement claim, and by arguing that any such presumption in this case has been "destroyed" by unspecified evidence of Cherryhill. (*Id.*).

published works. Moreover, the *Coles*, *Torres-Negron* and *Geoscan* cases on which defendants rely for the proposition that failure to deposit a complete and exact copy of a work invalidates the copyright registration are distinguishable from the present case. In *Coles* and *Torres-Negron*, the copyright registration or application that was held to be defective involved deposited works that were reconstructions of songs. *See Coles*, 283 F.3d at 802 (plaintiff could not receive a valid copyright registration for a reconstruction of a song that did not refer to the original work); *Torres-Negron*, 504 F.3d at 154 (plaintiff submitted only a reconstruction of his songs, created from his memory and without direct reference to the original works, with the application for copyright registration). Here, there is no issue as to whether plaintiff deposited a reconstruction of a creative work from memory. *Geoscan* was a case decided on summary judgment where the court reviewed the record in order to determine whether the plaintiff had submitted for deposit the original source codes for its software or later versions. *Geoscan*, 226 F.3d at 393. Here, it is not apparent from the allegations of the amended complaint and the deposited work that plaintiff deposited a later version of the software rather than the version defendants are allegedly infringing. Accordingly, defendants have not rebutted the presumption of validity on this basis.

Defendants further assert that allegations plaintiff has made about the destruction of plaintiff's property cannot serve as an excuse for plaintiff's failure to file a proper work. (Doc. 44 at 10-12). Defendants contend that plaintiff has made certain assertions that amount to an admission that the work was incomplete when it was registered it 2009, and defendants contend that plaintiff has attributed its inability to register the complete work to actions of Schwartz. Specifically, plaintiff has stated that "final versions of the material [] may not be accessible to the Plaintiff at this time" (Doc. 43 at 4), and plaintiff asserted in its amended complaint that in

October 2010 Schwartz destroyed certain software that was developed for Cherryhill in October 2010. (Doc. 22, ¶ 17). Defendants contend that despite plaintiff's admissions, plaintiff failed to follow one of two alternate procedures available for registering an incomplete work. (Doc. 44 at 11-12). The Court finds, however, that the allegations of the amended complaint do not demonstrate that plaintiff lacked a complete version of the work that forms the basis of its infringement claim when it applied for the copyright. Rather, as plaintiff notes in its opposing memorandum, the amended complaint alleges that plaintiff obtained a copyright registration for software it developed for Cherryhill and that Schwartz subsequently created derivative works based on the copyrighted material. Accordingly, the Court is unable to find on the record before it that the presumption of validity is rebutted based on plaintiff's failure to follow the proper procedures for filing an incomplete work. Defendants are not entitled to judgment on the pleadings on this basis.

Defendants further contend that plaintiff should not be permitted to allege at this stage of the litigation that the software it registered contains trade secrets because plaintiff failed to allege this in the amended complaint; to the contrary, plaintiff alleged that *Non-Cherryhill* Software constituted trade secrets of Libertas. (Doc. 44 at 5, citing Doc. 22, ¶ 48). In addition, defendants argue there are no allegations in the amended complaint to show that the Cherryhill Software satisfies the definition of a trade secret under Kentucky or Ohio law. Defendants further contend that even if plaintiff has a trade secret it is attempting to protect, plaintiff did not comply with any of the options listed under 37 C.F.R. § 202.20(c)(2)(vii)(A)(2) for depositing material that contains trade secrets, *i.e.*: (1) deposit the first 10 pages and the last 10 pages of source code without any blocked-out portions; (2) deposit the first 25 pages and last 25 pages of object code,

together with 10 or more consecutive pages of source code with no blocked-out information; or (3) deposit the first 25 pages and the last 25 pages of source code with only the trade secret portions blocked out. (*Id.* at 8). Finally, defendants allege the registration is defective because plaintiff failed to follow the regulations governing the registration of software containing a trade secret in at least eight different ways:

- Libertas's submission to the Copyright Office failed to include a cover letter stating that the claim contains trade secrets.
- Libertas failed to include an accompanying letter explaining the multiple copyright dates in the deposited work.
- Libertas failed to file a "Limitation of Claim" enabling the Copyright Office to determine if "the particular program is a revised or derivative version."
- Libertas redacted copyright information in the deposited work, thereby failing to file all pages containing copyright notices and copyright dates without any portions blocked out.
- Libertas improperly used diagonal lines to obscure the entire work instead of blocking out individual characters with x's or blank spaces.
- By blocking out the entire document with diagonal lines, Libertas failed to deposit a work that included proportionately more unredacted material than redacted material.
- Libertas improperly blocked out portions of the deposit that could not possibly constitute trade secrets.
- By using diagonal opaque lines on every page of the deposited work, Libertas failed to reveal an appreciable amount of original computer code without any redactions.
- Libertas failed to include a statement inserted where each deletion is made stating the number of character redactions and the reason for the redactions.

*See* 37 C.F.R. § 202.20(c)(2)(vii)(A)(2); Circular 61, "Copyright Registration for Computer Programs."

Plaintiff contends that it alleged trade secrets in the complaint and that it properly registered a copyright for work containing a trade secret. Plaintiff asserts the work can be identified because more than 50% of the deposited work is visible. Plaintiff further alleges that Circular 61 sets forth suggestions rather than requirements to be followed for copyrighted material that contains a trade secret; the "Limitation of Claim" requirement it purportedly failed to follow is not applicable here because that provision applies only to published works; and it

was not required to submit a cover letter because the application was filed electronically.

Initially, the Court finds that although plaintiff did not allege in the complaint that the copyrighted software includes a trade secret, defendants have not cited any authority to show that plaintiff was required to do so. Plaintiff's failure to allege in the complaint that the copyrighted material contains a trade secret should not foreclose it from making that allegation at this juncture of the case, particularly as the case is still at the pleading stage.

Second, defendants have not come forward with evidence that shows plaintiff failed to comply with the requirements governing a claim that contains a trade secret so as to rebut the presumption of validity afforded plaintiff's copyright registration. Plaintiff deposited 61 pages of source code. (Doc. 37-1). Material was redacted on each page by thick black diagonal lines that crossed through the whole of the text. Although the characters on the pages are difficult to decipher, not all of the characters are impossible to discern. In fact, defendants indicate elsewhere in their filings that the source code can be read despite the presence of the lines. (*See* Defendants' Joint Motion for Sanctions, Doc. 60 at 11-12). The authorities discussed by the parties do not establish whether a source code deposit redacted in this manner satisfies the requirements of 37 C.F.R. § 202.20(c)(2)(vii)(A)(2) for material that contains trade secrets. Absent evidence and supporting authority to show that the copyright is invalid on the grounds alleged, defendants' assertions are simply insufficient, standing alone, to rebut the presumption of validity afforded plaintiff's copyright under § 410(c) and to shift the burden to plaintiff to establish that it complied with the requirements of the Copyright Act, at least at the pleading stage. *See United Fabrics*, 630 F.3d at 1258.

For these reasons, defendants should not be granted judgment on the pleadings on

plaintiff's copyright infringement claim. Plaintiff's copyright is presumed to be valid under § 410(c). The Court is unable to discern from the registration application (Doc. 69-4), the deposited work (Doc. 37-1), and the allegations of the amended complaint that the registration is not valid so as to preclude plaintiff from proceeding with its copyright infringement action. Because there is no evidence before the Court at this stage of the proceedings that rebuts the presumption of validity and shifts the burden to plaintiff, defendants' motion for judgment on the pleadings should be denied.

**III. The motion for an order requesting advice and imposing a stay should be denied.**

Defendants seek an "Order Issuing a Request to the Register of Copyrights Per [17 U.S.C. § 411(B)(2)]" and imposing a stay pending a response to the request. (Doc. 39). Defendants have filed a motion to amend/correct the proposed order attached to their motion (Doc. 50), which the Court grants as unopposed.

Title 17 U.S.C. § 411(a) provides that subject to the provisions of subsection (b), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Subsection (b) provides:

> (1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
>
> (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

Defendants have not shown that the exception set forth in § 411(b)(1) applies so as to require the Court to make a request to the Register of Copyrights under § 411(b)(2). Defendants are alleging that the application failed to comport with various regulatory and other requirements because of defects that were visible on the face of the deposited work, such as the presence of black diagonal lines that obstructed the copyrighted material and allegedly rendered it illegible. However, § 411(b)(1)(B) clearly is not satisfied for such information as the Register of Copyrights would have observed such "defects" but nonetheless did not refuse registration. Defendants further allege that plaintiff made a number of misrepresentations in connection with the copyright registration which require the Court to seek the advice of the Register of Copyrights, including the date the work was completed, the authors of the work, and whether the work was created by copying segments of code from other works. However, defendants have failed to cite any authority to show that such matters satisfy the statutory definition of "inaccurate information" under § 411(b)(1)(A). Nor have they alleged that plaintiff knew that any such information included on the application was inaccurate. Finally, although defendants contend that plaintiff has made statements in its reply to their counterclaim that purportedly raise additional questions about the legitimacy of the registration (Doc. 50 at 2), those statements have no connection to the matters on which defendants seek the advice of the Register of Copyrights. (Doc. 50-1).

For these reasons, the Court finds that defendants have failed to allege inaccurate information under § 411(b)(1). Defendants' motion for an order requesting advice from the Register of Copyrights and for a stay pending the response should be denied.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendants' motion to amend/correct the proposed order attached to their motion to seek advice from the Register of Copyrights (Doc. 50) is GRANTED.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Defendants' motion for judgment on the pleadings (Doc. 38) be DENIED.

(2) Defendants' motion for an "Order Issuing a Request to the Register of Copyrights Per [17 U.S.C. § 411(b)(2)]" and imposing a stay pending a response to the request (Doc. 39) be DENIED.

Date: 12/6/12

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LIBERTAS TECHNOLOGIES, L.L.C.,
Plaintiff

Case No. 1:10-cv-935
Dlott, J.
Litkovitz, M.J.

vs

CHERRYHILL MANAGEMENT, INC., et al.,
Defendants

**REPORT AND RECOMMENDATION**

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).