# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION
# AT CINCINNATI

| | | |
|---|---|---|
| **LIBERTAS TECHNOLOGIES, LLC,** | : | Case No. 1:10-CV-935 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | **DEFENDANTS' JOINT MOTION** |
| | : | **FOR PARTIAL SUMMARY** |
| **CHERRYHILL MANAGEMENT,** | : | **JUDGMENT** |
| **INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOW COME** Defendants Cherryhill Management, Inc., and Todd Schwartz, by and through counsel, and move this Court for summary judgment as to Plaintiff's state law claims under Federal Rule of Civil Procedure 56. No genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law. This Motion is supported by the attached Memorandum.

                          Respectfully submitted,

                          /s/ Matthew D. Hemmer
                          Scott R. Thomas (0061040)
                          Matthew D. Hemmer (0083774)
                          HEMMER DEFRANK PLLC
                          250 Grandview Drive, Suite 500
                          Fort Mitchell, Kentucky  41017
                          (859) 344-1188
                          (859) 578-3862 (fax)
                          sthomas@HemmerLaw.com

                          Trial Attorneys for Defendants
                          Cherryhill Management, Inc., and
                          Todd Schwartz

**MEMORANDUM IN SUPPORT**

I.     **INTRODUCTION**

Although discovery has just begun, this motion for partial summary judgment is ripe because the motion relates to the state law claims of Libertas Technologies ("Libertas"). Those claims are based on "information and belief" ***assumptions*** by Libertas. The ***facts*** relating to those erroneous assumptions are exclusively in the possession of Defendants Cherryhill Management, Inc. ("Cherryhill") and Todd Schwartz.

Per the recent Report and Recommendation [Doc No. 77], the Court perceives that some discovery needs to be conducted regarding the facts that Libertas has represented to the Court on its copyright claim. While the parties engage in that discovery, the Court may nevertheless dispose of Plaintiff's state law claims now because no factual issues exist. Cherryhill further expects that resolution of these claims may facilitate informal discussions between the parties.

II.    **RELEVANT FACTS**[1]

Given that the Court has already heard Defendants' motions to dismiss and motion for judgment on the pleadings, a detailed recitation of the facts is not necessary. This fact section will focus on the simple facts relating to the state law claims, *i.e.*, those aspects that do not attempt to usurp federal copyright claims.

Cherryhill operates three thrift stores in southwest Ohio. Amended Complaint [Doc. No. 17-1], ¶¶1, 2, and 5. Libertas is a software company. In 2005, Cherryhill began using Libertas to convert its paper processes and procedures to a digital computer

---

[1] Defendants' Statement of Proposed Facts is attached at **Exhibit A**. The facts in that statement are supported by the affidavits of Todd Schwartz and Michael Walsh, attached as **Exhibits B** and **C**.

2

system.  Libertas provided those services largely through its software engineer, Defendant Todd Schwartz.  *Id.*, at ¶9.

Defendant Todd Schwartz worked for Libertas as an independent contractor until April 1, 2009.  *Id.*, ¶10.  After that date, Schwartz worked as an employee at will until October 11, 2010.  *Id.*, ¶11.

In October 2010, Cherryhill decided that it was going to stop using Libertas and bring the necessary expertise in-house.  Cherryhill made this decision because, from time to time, Libertas took Schwartz off Cherryhill work without notice to Cherryhill.  Cherryhill decided that it would first make the newly created position available to Schwartz if he wanted it.  Schwartz accepted the job offer.

No contract barred Cherryhill from hiring a Libertas employee.  No contract barred Schwartz from accepting Cherryhill's offer.  Had Schwartz refused Cherryhill's offer, Cherryhill still would have hired someone else rather than employing Libertas or any other external vendor of information technology services.  Cherryhill was not going to do any more business with Libertas regardless of whether Schwartz came in-house.

Cherryhill has since terminated its business relationship with Libertas, severing a substantial income stream for Libertas.  Libertas contends that Cherryhill's offer and Schwartz' acceptance are somehow tortious.  Defendants are entitled to summary judgment on these untenable claims.

## III.  ARGUMENT

### A.  Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil

3

Procedure 56(a) and (c). The burden to show that there are no genuine issues of material fact falls on the parties seeking summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Credibility determination, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). As such, the Court must consider the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in their favor. *Id.* "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law. *Lidochem, Inc. v. Stoller Enterprises, Inc.*, 2012 Fed. App. 01003N (6th Cir. 2012) citing *Id.*, at 251-52.

### B. Cherryhill and Schwartz are entitled to summary judgment on Libertas' claims for tortious interference in Counts 2, 3, and 4.

Libertas alleges: tortious interference by Cherryhill with Schwartz's contract with Libertas, Count 2; tortious interference by Schwartz with Libertas' business relationship with Cherryhill, Count 4; tortious interference by Cherryhill with Libertas' business relationship with Schwartz, Count 3. Defendants are entitled to summary judgment on these claims as a matter of law.

To prevail on a tortious interference claim, the plaintiff must plead and prove six elements: (1) the existence of a contract; (2) the tortfeasor's knowledge of the contract; (3) the tortfeasor's intent to cause the breach of the contract; (4) the tortfeasor caused one party to the contract to breach the contract; (5) the breach caused damages to the non-breaching party to the contract; and (6) the tortfeasor acted with malice toward the non-breaching party to the contract. *See e.g., NCAA v. Hornung*, 754 S.W.2d 855, 857

4

(Ky. 1988).[2]

Malice has always been a prerequisite to an interference claim. *Derby Road Building Co. v. Commonwealth of Kentucky*, (Ky. 1958), 317 S.W.2d 891; *Brooks v. Patterson*, 234 Ky. 737, 29 S.W.2d 26 (1930). To prove malice, the plaintiff must demonstrate that the tortfeasor acted without legitimate justification and with animosity towards the non-breaching party to the contract. *Hornung, supra*, at 858-60. Malicious interference is typically accomplished by some unlawful means such as fraud, deceit, coercion, or the breach of a fiduciary or confidential relationship. *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420 (Ky. App. 1978). Plaintiff fails to allege malice in connection with its interference claims. Indeed, Plaintiff cannot—in good faith compliance with Rule 11—allege malice. This defect is fatal to Counts 2, 3, and 4.

Even if the malice element did not present an insuperable obstacle, these claims would have to be dismissed for an independent reason. Kentucky follows the Second Restatement of Torts, Section 766. *Carmichael-Lynch-Nolan Advertising Agency, Inc. v. Bennett & Associates, Inc.*, 561 S.W.2d 99 (Ky. App. 1977). Section 766 does not impose liability for "interference" where the third party has a privilege to act. Thus, a tortious interference claim cannot lie against a party "act[ing] in good faith to assert a legally protected interest of [its] own." *NCAA v. Hornung* (Ky. 1988), 754 S.W.2d 855, 858.

Applying these principles, Libertas' claim of tortious interference by Cherryhill with Schwartz's contract with Libertas (Count 2) must fail because a company cannot

---

[2] Kentucky law appears to apply, given that Libertas and Schwartz are Kentucky residents. Nevertheless, similar elements exist under Ohio law. *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 178-179 (1999); *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863 (1995); *Brookside Ambulance, Inc. v. Walker Ambulance Service*, 112 Ohio App.3d 150, 155-156 (1996).

5

face tort liability by offering employment to the at-will employee of another company. Viewed from another perspective, Schwartz did not "breach" his employment agreement by deciding to accept Cherryhill's employment offer.  Libertas apparently agrees, given that it did not allege breach of contract.  As Schwartz did not breach any contract, Cherryhill cannot be said to have "procured" any breach.

The same logic compels dismissal of Count 3, the allegation of tortious interference by Cherryhill with Libertas' business relationship with Schwartz.  Any business "relationship" that Libertas had with Schwartz is the same as the employment relationship between those parties.

Lastly, the claim that Schwartz tortiously interfered with Libertas' business relationship with Cherryhill, Count 4, must be dismissed for the converse reason.  An at-will employee of a vendor does not commit a tort when he accepts an offer of employment from the vendor's customer.  Libertas was then unaware that Cherryhill had made the decision to hire an employee—Schwartz or someone else—and stop using Libertas.  Libertas was going to lose the Cherryhill account regardless of whether Schwartz accepted Cherryhill's offer of employment.  Libertas attempts to attach liability to transactions that occur by the thousands in the employment marketplace every day. None of these claims can be maintained as a matter of law.

Libertas understood this from the beginning.  When Libertas learned that Schwartz was leaving Libertas, Libertas founder David Hatter sent Schwartz an electronic message stating: "If you are going to work for Cherryhill, ***that's fine with us***, we just need to know.  If you are going to work elsewhere, that is a much bigger concern and we need to get with Pat and Mike as soon as possible to determine how we can support them with minimum disruption to their business and ours."  Schwartz

6

Affidavit, Exhibit B, at ¶14, and Exhibit 1 thereto (emphasis added).

For these reasons, Defendants are entitled to summary judgment on Plaintiff's Counts 2, 3, and 4.

### C. Cherryhill and Schwartz are entitled to summary judgment on Libertas' Claims For Conversion And Replevin Because There Is No Tangible Property At Issue In This Case.

Libertas brings a claim for conversion in Count 6 and replevin in Count 7. Both torts are inapplicable in the context of digital information. While Cherryhill and Schwartz deny copying protected data owned by Libertas, such copying would not constitute conversion or lay the foundation of an order of possession. "Chattels" do not include data under Ohio law. "In modern usage, the word 'chattels' is ordinarily limited to visible, tangible, movable personal property." *Green v. Green*, 9 Ohio Misc. 15, 221 N.E.2d 388 (1966). Consequently, the claims of "trespass to chattels" and conversion require the physical impairment of a tangible object; copying data is simply insufficient. *Universal Tube & Rollform Equipment Corp. v. YouTube, Inc.*, 504 F.Supp.2d 260 (N.D. Ohio 2007). For these reasons, Counts 6 and 7 must also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Cherryhill is entitled to judgment as a matter of law on Counts 2, 3, 4, 6, and 7 of Libertas' Amended Complaint.

Respectfully submitted,

/s/ Matthew D. Hemmer
Scott R. Thomas (0061040)
Matthew D. Hemmer (0083774)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky  41017
(859) 344-1188
(859) 578-3862 (fax)
sthomas@HemmerLaw.com

        Trial Attorneys for Defendants
        Cherryhill Management, Inc., and
        Todd Schwartz

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 10th day of December, 2012, to all counsel of record.

        /s/ Matthew D. Hemmer
        Matthew D. Hemmer