# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LIBERTAS TECHNOLOGIES,                          Case No. 1:10-cv-935
L.L.C.,
        Plaintiff,                              Dlott, J.
                                                Litkovitz, M.J.

        vs.

CHERRYHILL MANAGEMENT,                          **REPORT AND**
INC., et al.,                                   **RECOMMENDATION**
        Defendants.

This matter is before the Court on defendants' joint motion for sanctions pursuant to Fed.

R. Civ. P. 11(c)(1) (Doc. 60), plaintiff's opposing memorandum (Doc. 67), and defendants' reply

memorandum in support of their motion for sanctions (Doc. 69). Defendants have requested oral

argument on the motion.

## I. Procedural Background

Plaintiff Libertas Technologies, L.L.C. (Libertas) filed this action for copyright

infringement and various state law violations against its former employee, Todd Schwartz, and

Cherryhill Management, Inc. (Cherryhill) on December 27, 2010. (Doc. 1). On February 28,

2011, defendants moved to dismiss the complaint based on Libertas' failure to register the

copyright for the material at issue in this lawsuit. (Doc. 11). By Order dated September 6, 2011,

Libertas was granted leave to amend the complaint to accurately reflect the registration of the

copyright. (Doc. 18). The following day, Libertas filed an amended complaint with a copy of

the registration attached.[1] (Doc. 22, Exh. D).

---

[1] The allegations of the original and amended complaints are nearly identical, and plaintiff presented the
same claims in both complaints. (*See* Doc. 28, pp. 1-2).

On September 12, 2011, defendants moved to dismiss the amended complaint on various grounds, including that the work at issue is not copyrightable. (Doc. 24). The Court issued an Order on July 18, 2012, denying the motion to dismiss as to plaintiff's copyright infringement claim and granting the motion in part as to the state law claims. (Doc. 35).

On August 1, 2012, defendants filed an answer to the amended complaint and a counterclaim against Libertas for improper registration of the copyright under 17 U.S.C. § 411(b). (Doc. 37). In the counterclaim, defendants allege that Libertas knowingly misrepresented information relating to the deposited work in its application for copyright registration, including the completion date and the authors of the deposited work. (*Id.*, ¶¶ 36, 37). Defendants further allege that due to Libertas's knowing misrepresentations in the copyright registration application, Libertas had not satisfied the jurisdictional requirements under 17 U.S.C. § 412 for bringing a copyright infringement action.[2] (*Id.*, ¶ 39). Defendants also brought a counterclaim for abuse of process (Count VI), alleging that Libertas "set its copyright registration in motion in improper form and without probable cause." (*Id.*, ¶ 41). Among other allegations, defendants alleged that Libertas knew the deposited work attached to its application for copyright registration was not the Cherryhill Software as described in the complaint and that Libertas attempted to conceal the true nature of the deposited work by marking the printout of the deposited work with thick black lines which made the printed document illegible. (*Id.*, ¶¶ 42, 43).

On the same date that defendants filed their answer and counterclaims to the amended

---

[2]Section 412 provides that the registration of a copyright is a prerequisite to certain remedies for infringement.

complaint, defendants filed a joint motion for judgment on the pleadings. (Doc. 38). Defendants argued that the facts alleged in the amended complaint, their answer, and the public filings with the United States Copyright Office demonstrated that Libertas failed to properly register its copyright, which defendants asserted is a jurisdictional prerequisite to any claim Libertas wished to pursue in this court.

Defendants also filed a motion for an order issuing a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) and for the imposition of a stay on August 15, 2012. (Doc. 39). As grounds for the motion, defendants asserted that Libertas's copyright registration application purportedly contained inaccurate information, thereby triggering the statute's applicability.

Defendants subsequently filed their motion for sanctions on October 12, 2012. (Doc. 60). Shortly thereafter, on October 31, 2012, defendants filed a motion for a more definite statement based on representations counsel for plaintiff made during an October 2012 hearing in this matter and statements in plaintiff's memorandum in opposition to defendants' motion to dismiss the original complaint, which plaintiff filed in March 2011. (Doc. 64). The Court denied defendants' motion for a more definite statement. (Doc. 76). Defendants also filed a motion for partial summary judgment on December 10, 2012, which remains pending. (Doc. 83).

On January 29, 2013, the Court issued an Order denying defendants' motion for judgment on the pleadings (Doc. 38) and defendants' motion for an Order issuing a request to the Register of Copyrights pursuant to § 411(b)(2) and imposing a stay pending a response (Doc. 39). (Doc. 96).

3

## II. Motion for Sanctions (Doc. 60)

Defendants seek an order pursuant to Fed. R. Civ. P. 11(c)(1) requiring Libertas and its counsel to pay defendants' attorney fees and costs in this matter. Defendants contend that Libertas and its counsel did not undertake the investigation required of them under Rule 11 and the governing law before filing suit in December 2010. Defendants argue that had Libertas conducted a proper investigation, it would have discovered its copyright registration was invalid and that, as a consequence, this Court lacks jurisdiction over this matter.

### A. Request for oral argument

Defendants request oral argument on their motion pursuant to S.D. Ohio Civ. R. 7.1(b)(2). The issues underlying the motion for sanctions are not complex and they have been fully briefed by the parties. Pursuant to Rule 7.1(b)(2), the Court therefore finds that oral argument would not be helpful and defendants' request for oral argument is denied.

### B. Rule 11 standard

Sanctions under Rule 11 are intended to deter abuse of the legal process. *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers,* 613 F.3d 609, 626 (6th Cir. 2010) (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1998)). Sanctions may be imposed under Rule 11 "if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Id.* (citing *Herron*, 858 F.2d at 335). Rule 11 stresses the need to conduct some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed under the Rule. *Id.* (citing *Herron*, 858 F.2d at 335).

4

Sanctions are discretionary under Rule 11. *See* Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not "reasonable under the circumstances." *Tahfs v. Proctor,* 316 F.3d 584, 594 (6th Cir. 2003) (quoting *Mann v. G & G Mfg. Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). Courts must not use "the wisdom of hindsight" but must instead determine what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Merritt,* 613 F.3d at 626 (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

Rule 11 does not specify when a motion for sanctions should be brought. *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Ordinarily, however, "the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." *Id.* (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). A party who seeks attorney fees as a Rule 11 sanction must mitigate its damages by acting promptly to avoid any unnecessary expenses in responding to filings that allegedly violate the rule. *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 30 (6th Cir. 2012) (citing *Jackson v. O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224, 1230 (6th Cir. 1989)).

Rule 11 includes a "safe harbor" provision which requires the moving party to serve its motion on the opposing party 21 days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-511 (6th Cir. 2002) ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter.") (citing *Ridder,* 109 F.3d at 297).

### C. The Rule 11 motion should be denied.

Defendants satisfied Rule 11's "safe harbor" requirement by serving the Rule 11 motion

on Libertas at least 21 days before filing it with the district court. Defendants sent a preliminary version of the motion for sanctions to counsel for Libertas on September 6, 2012. (Doc. 60 at 3, n. 1, citing Doc. 60-1, 9/6/12 cover letter from defendants' counsel, Scott R. Thomas, to plaintiff's counsel, David E. Davidson, referencing an attached motion to seek reimbursement for fees and costs). Defendants sent a revised version of the motion to counsel for Libertas on September 18, 2012. (*Id.*, citing Doc. 60-2, 9/18/12 cover letter from Thomas to Davidson referencing an attached revised motion). Defendants filed their motion for sanctions more than 21 days after sending both the preliminary and revised motions to Libertas's counsel so as to satisfy Rule 11(c)(2).

Upon review of the motion, the Court finds defendants' request for sanctions should be denied for several reasons. First, defendants waited an inordinate length of time after Libertas filed the challenged pleadings to move for sanctions. Defendants leave no doubt in their Rule 11 motion that they seek sanctions based on Libertas's alleged failure to conduct a pre-filing investigation into the sufficiency of the copyright registration and the jurisdictional basis for this lawsuit. (Doc. 60 at 4). Defendants contend that had Libertas conducted a reasonable pre-filing inquiry, it would have learned the registration was invalid and that this Court therefore lacked jurisdiction over Libertas's copyright claim. (*Id.* at 7). Defendants allege that Libertas and its counsel must have known of the defects in the registration that bar this Court's exercise of jurisdiction at the time plaintiff filed the original complaint in December 2010. (*Id.* at 14). Defendants contend that any ignorance of the facts could only have been the result of "gross neglect or willful avoidance of the true facts." (*Id.*). Yet, despite alleging that Libertas must have known its complaint was legally deficient for these reasons when it was filed in December

6

2010, defendants waited until nearly two years after Libertas filed the original complaint and one year after Libertas filed its amended complaint to seek Rule 11 sanctions.  Defendants offer no justification for the delay.  Accordingly, defendants' motion for sanctions based on Libertas's failure to conduct a pre-filing investigation into the basis for its copyright action is untimely, and defendants should not be awarded any attorney fees and expenses they have unnecessarily incurred due to their own inaction. *See Ridder*, 109 F.3d at 295; Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments) ("Ordinarily, the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."); *Gibson*, 489 F. App'x at 30 (a party seeking attorney fees under Rule 11 must mitigate its damages by acting promptly and avoiding any unnecessary expenses in responding to filings that allegedly violate the rule).

In addition, prior to filing their motion for sanctions, defendants filed several dispositive motions seeking dismissal of the original and amended complaints based on the allegedly defective copyright registration and the absence of jurisdiction over Libertas's copyright claim. Defendants filed: (1) a motion to dismiss the complaint on February 28, 2011 (Doc. 11), (2) a motion to dismiss the amended complaint on September 12, 2011 (Doc. 24), and (3) a motion for judgment on the pleadings on August 1, 2012 (Doc. 38).  Defendants also filed a motion to seek the advice of the Register of Copyright concerning the effect of inaccurate information in plaintiff's copyright application and to stay this case on August 15, 2012.  (Doc. 39).  In these motions, defendants challenged the legal sufficiency of plaintiff's copyright claim based on many of the same arguments defendants present in support of their motion for sanctions.  For instance, defendants argued that Libertas should have known the copyright registration was

7

defective because the deposited work is not a complete copy, it is not virtually identical to the original and was not produced by directly referring to the original, it is not the best edition of the work, and it is impermissibly redacted by diagonal black lines which cannot be justified as an attempt to protect a trade secret; the deposited work will not function as a program because it contains commands in different languages; the deposited work cannot be copyrighted because it involves no creative expression; the deposited work is defective because there are multiple authors, multiple copyright dates listed throughout the deposited work, and multiple languages which appear throughout the deposited work; and the deposited work is not related to the claims at issue in this case. (Docs. 24, 38, 39). Defendants repeat these arguments in support of their Rule 11 motion, and simply add allegations that Libertas should have known before filing the complaint that its registration was defective on these same grounds and that the Court therefore lacked jurisdiction. (Doc. 60). As such, it is clear that defendants' Rule 11 motion is simply another attempt to challenge "the legal sufficiency or efficacy of allegations in the pleadings," which is not the intended purpose of the Rule. *See* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments) (a Rule 11 motion should not be used "to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for these purposes."). Because defendants' Rule 11 motion is nothing more than defendants' dispositive motions reformulated as a request for sanctions, the motion should be denied.

Further, the Court has denied as without merit defendants' motion to dismiss the amended complaint (Doc. 35), defendants' motion for an order issuing a request to the Register of Copyrights and for a stay (96), and defendants' motion for judgment on the pleadings (Doc. 96). In denying the motions, the Court addressed defendants' arguments raised in the motion for

8

sanctions as to the alleged deficiencies in the copyright registration and the Court's purported lack of jurisdiction over this matter. For the reasons explained in connection with the resolution of defendants' motions, it is not clear from the record that the copyright registration is invalid so as to preclude Libertas from proceeding with its copyright infringement action. It follows that the record does not establish that Libertas's copyright claim is neither well-grounded in fact nor without a valid basis in law. Fed. R. Civ. P. 11(b)(2), (3). Accordingly, defendants have not made the required showing for the imposition of sanctions on these grounds.

As a final matter, defendants present arguments in their reply memorandum that they did not raise in their Rule 11 motion, some of which appear to be directed to whether Libertas filed suit for an improper purpose so as to warrant the imposition of sanctions under Rule 11(b)(1) (by presenting a pleading to the Court, an attorney certifies that it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation). Fed. R. Civ. P. 11(b)(1) (Doc. 69). Defendants state they are moving for sanctions in part because, "Libertas changes its position from moment to moment to suit the argument of the moment," and they accuse Libertas of pursuing this lawsuit "maliciously to harass Cherryhill. . . ." (*Id.* at 3, 12). These arguments do not go to the sole ground for sanctions presented by defendants in the Rule 11 motion, *i.e.*, that Libertas failed to conduct an adequate pre-filing investigation into the basis for its claims. A party may not raise new issues for the first time in its reply brief. *See Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). *See also Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007). Accordingly, the Court declines to address these arguments.

For these reasons, defendants' request for sanctions under Rule 11 should be denied.

9

Defendants did not timely file their request, and they have failed to show that sanctions are warranted in accordance with the provisions of the Rule. Defendants have presented the same arguments in support of their request for sanctions that they previously raised in their numerous motions challenging the legal sufficiency of the complaint. The Court has determined that dismissal of plaintiff's copyright action is not warranted based on these arguments. It follows that these same arguments do not support the imposition of sanctions against Libertas for instituting this lawsuit.

### IT IS THEREFORE RECOMMENDED THAT:

Defendants' motion for sanctions (Doc. 60) be DENIED.

Date: 3/8/2013

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LIBERTAS TECHNOLOGIES,             Case No. 1:10-cv-935
L.L.C.,                                 Dlott, J.
        Plaintiff                 Litkovitz, M.J.

       vs.

CHERRYHILL MANAGEMENT,       **REPORT AND**
INC., et al.,                      **RECOMMENDATION**
       Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

11