## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI

| | | |
|---|---|---|
| **LIBERTAS TECHNOLOGIES, LLC,** | : | **Case No. 1:10-CV-935** |
| | : | |
| **Plaintiff,** | : | **Chief Judge Susan J. Dlott** |
| | : | |
| **v.** | : | **DEFENDANTS' JOINT MOTION** |
| | : | **FOR PARTIAL SUMMARY** |
| **CHERRYHILL MANAGEMENT,** | : | **JUDGMENT ON LIBERTAS'** |
| **INC.,** *et al.,* | : | **COPYRIGHT INFRINGEMENT** |
| | : | **CLAIM** |
| **Defendants.** | : | |

**NOW COME** Defendants Cherryhill Management, Inc., and Todd Schwartz (collectively "Cherryhill"), by and through counsel, and move this Court for summary judgment as to Plaintiff's single federal law claim of copyright infringement under Federal Rule of Civil Procedure 56.  The Copyright Office has destroyed the presumptive validity of Libertas' registration and declared its deposit to be "insufficient." Accordingly, no genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law as to copyright infringement.  This Motion is supported by the attached Memorandum.

Respectfully submitted,

/s/ Scott Thomas
Scott R. Thomas (0061040)
Matthew T. Cheeks, Esq.
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky  41017
(859) 344-1188
(859) 578-3869 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants
Cherryhill Management, Inc., and
Todd Schwartz

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

> It has come to the attention of the Copyright Office that ***the deposit submitted with the application does not fully meet the requirements of the regulation*** pertaining to claims in trade secrets contained in source code.[1]

Although discovery has barely begun, this motion for partial summary judgment is ripe because the motion relates to the failure of Libertas Technologies ("Libertas") to meet the fundamental prerequisite of bringing an infringement claim—a valid registration.  Libertas has wasted the Court's time for 25 months without any foundation for its suit.  Libertas' sole federal claim must be dismissed.[2]

### II.   RELEVANT FACTS

Defendants' statement of proposed facts is attached at **Exhibit A**.  The facts in that statement are supported by the affidavit of counsel, **Exhibit B**, and exhibit thereto.

### III.  ARGUMENT

#### A.    Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(a) and (c).  The burden to show that there are no genuine issues of

---

[1] March 25, 2013 letter of Mr. Hirakawa, Chief, Literary Division, U.S. Copyright Office. Attached as **Exhibit 1.A** to Affidavit of Scott R. Thomas, at 2 (emphasis added).

[2] Defendants move for summary judgment because resolution of the motion requires the Court to consider matters outside the pleadings.  Rather than judgment, the matter must be dismissed.  The dismissal can be without prejudice but the right to re-file will be illusory, as Libertas cannot correct the defects in its registration.

material fact falls on the party seeking summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "Credibility determination, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  As such, the Court must consider the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in their favor.  *Id.*  The ultimate question is whether the evidence is so one-sided that the moving party should prevail as a matter of law.  *Id.*, at 251-52.

> **B.**   **Cherryhill and Schwartz are entitled to summary judgment on Libertas' copyright infringement claim because Libertas has failed to satisfy the registration requirement in 17 U.S.C. §411(a).**

This Court has already set forth the law applicable to this motion in its Report and Recommendations [Doc. No. 15] as follows:

> A copyright infringement claim under 17 U.S.C. §411 has two elements. . . . Section 411(a) requires that no civil action for infringement of a copyright can be instituted until preregistration or registration of the copyright claim has been made in accordance with that title.  17 U.S.C. §411(a).  Section 411(a)'s registration requirement . . . is a precondition to filing a claim. . . .  The registration precondition is not satisfied where a plaintiff files a copyright action before registering its copyright claim.[3]
>
> [In] *Ripple Junction Design Co. v. Olaes Enterprises, Inc.,* No. 1:05-cv-43, 2005 WL 2206220, at *3 (S.D. Ohio Sept. 8, 2005) [the District Court] acknowledged that it is well-established that "registration is a prerequisite to filing suit for copyright infringement."[4] The Court examined the pertinent statutory language and determined as "a matter of straightforward statutory construction" that merely filing an application for

---

[3]  [Doc. No. 15], at 7 (citations and footnote omitted).

[4]  *Id.*, at 8 (citations omitted).

> registration is insufficient to satisfy the condition precedent to filing a copyright infringement suit. *Id.* at \*\*3, 4. Rather, in order for a plaintiff to bring a copyright infringement action, the Copyright Office must have either registered the copyright or refused the application. *Id.* at \*5.
>
> Where the plaintiff has failed to satisfy the registration precondition to suit, and a defendant timely raises the plaintiffs failure in a motion to dismiss, the plaintiff's claim must be dismissed. *See Hoogerheide v. IRS*, 637 F.3d 634, 637, 639 (6th Cir. 2011) (analogizing nonjurisdictional, mandatory exhaustion requirement under IRS requirement scheme to copyright registration requirement). *See also Treadmilldoctor.com*, 2011WL1256601, at \*5 (and cases cited therein) (although the district court has jurisdiction over the claim where the defendant does not obtain a copyright registration prior to filing suit, the action is subject to dismissal when a defendant moves to dismiss the action for failure to state a claim).
>
> The copyright infringement claim brought by Libertas under 17 U.S.C. §411 should be dismissed due to Libertas' failure to satisfy the precondition of registration of its copyright. . . . The mere filing of an application for registration is insufficient to satisfy the registration precondition to filing suit and to avoid dismissal of a copyright infringement suit brought under §411. . . . Because plaintiff has failed to satisfy the precondition to suit of registration of its copyright claim, plaintiffs claim for copyright infringement must be dismissed.[5]

On March 25, 2013, the Copyright Office determined that Libertas' registration was invalid. "By this letter, we are notifying you that you must furnish additional unredacted source code that corresponds to the source code previously deposited in redacted form within thirty days from the date of this letter in order to avoid cancellation of this registration." Exhibit 1.A, at 3. This is not a legal argument offered by Cherryhill based on interpretations of statutes, regulations, and case law. This is the

---

[5] [Doc. No. 15], at 9-10 (citations omitted).

4

conclusion of the Copyright Office, the paramount authority that both Libertas and Wood Herron have told this Court is the supreme arbiter of the validity of a registration. Right now, at this moment, Libertas' deposit does not satisfy the regulations established by the Copyright Office.

As such, what Libertas has submitted to the Copyright Office is merely an application. This is no foundation for a federal lawsuit. As this Court made plain 20 months ago, "[t]he mere filing of an application for registration is insufficient to satisfy the registration precondition to filing suit and to avoid dismissal of a copyright infringement suit brought under §411." [Doc. No. 15], at 9-10.

The fact that the Copyright Office has given Libertas time to try to fix the defective registration should not still the Court's hand. The registration is defective today. A proper registration must precede, not follow, the Complaint. Moreover, the defect in Libertas' deposit is incurable.

The Copyright Office gave Libertas several options to cure the redaction defect and thereby "maintain the effective date of registration of November 5, 2010." Exhibit 1.A, at 3. Each of those options requires Libertas to preserve the Deposited Work. That is, Libertas cannot deposit something other than the 61 pages previously submitted; the "unredacted source code must be capable of being matched with the redacted source code that the Office previously received." *Id.*

The Copyright Office doesn't know it yet but this Court already has facts which show that it is impossible for Libertas to fix its defective deposit. The registration consists of the fee, the application and the deposit. The application and the deposit suffer from a host of defects. These defects were catalogued in Cherryhill's Motion for Reconsideration [Doc. No. 107] and need not be repeated here at length. Suffice it to say

that the Deposited Work does not contain the first or the last 25 pages of the Larger

Work,[6] that the Larger Work is riddled with copyright notices in favor of Cherryhill and

third parties, and that Libertas has no basis whatsoever under Ohio law for a claim of

trade secrets—which was the only justification for the "striping" of the Deposited Work.[7]

When the stripes finally came off, the Deposited Work was revealed to be a sham

supporting groundless litigation.

Whatever Libertas chooses to give the Copyright Office, Libertas must first seek

leave to disclose the documents per the requirements of the Court's protective order

[Doc. No. 73].  Per the preliminary injunction [Doc. No. 81], any document that Libertas

desires to submit to the Copyright Office would first have to be stripped of Cherryhill's

trade secrets.  As Libertas admitted, the "forms and processes of Cherryhill's business

were used to establish business rules that the software developed by Plaintiff

implemented."  Libertas' Reply to Cherryhill's Amended Counterclaim [Doc. No. 84], at

¶9.  Even if that were possible, the insurmountable obstaccle remains: Libertas simply

cannot take the stripes off any page of the earlier Deposited Work and give the

Copyright Office something that is embraced within the first 25 and last 25 pages of the

---

[6] At some point, Mr. Gillen and Mr. Davidson finally realized that their representations to the Court that the Deposited Work contained the first 25 pages and last 25 pages of the Larger Work would be exposed as false statements.  So, without owning up to that misrepresentation, which makes it harder to accept as an innocent error, Wood Herron and Libertas started to back-pedal.  Wood Herron stated it could supply "equivalent units."  Case No. 1:12-cv-955, [Doc. No. 14], at 9, n.6.  Libertas stated essentially that any 50 pages will do ("the Copyright Office has modified its instructions to allow the applicant to decide which 50 pages to submit.").  Memo. opposing sanctions [Doc. No. 67], at 5.  By its letter of March 25, 2013, the Copyright Office has soundly rejected these contorted ideas.

[7] "***Assuming*** that the entire source code submitted is alleged to be trade secret material - ***the only reason in which the regulations allow for the redaction of identifying source code*** - the redaction of fifty percent of that source code is insufficient under 35 CFR § 202.20(c)(vii)(A)(2)."  Exhibit 1.A, at 3 (emphasis supplied).

Larger Work.  Libertas, by its deception, has painted itself into a corner from which there is no escape.

The U.S. Copyright Office has passed sentence on Libertas' invalid registration. The Court no longer has to give full credit to whatever misrepresentations Libertas decides to make to keep its suit alive.  Libertas has knowingly propped up this lawsuit on a "presumption of validity" to which it was never entitled, using redaction to delay the discovery of their deception.  The case, unfounded from the beginning, must now be brought to a close.

## IV.    CONCLUSION

For the foregoing reasons, Libertas' copyright infringement claim must be dismissed.  A proposed order is attached.

Respectfully submitted,

/s/ Scott Thomas
Scott R. Thomas (0061040)
Matthew T. Cheeks, Esq.
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Fort Mitchell, Kentucky  41017
(859) 344-1188
(859) 578-3869 (fax)
sthomas@HemmerLaw.com

Trial Attorneys for Defendants
Cherryhill Management, Inc., and
Todd Schwartz

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 29th day of March, 2013, to all counsel of record.

/s/ Scott Thomas
Scott R. Thomas